HUTCHINS & McMILLAN, by Z. D. HARRISON, for plaintiff in error.

C. H. SUTTON; HENRY JACKSON & BROTHER, for defendant.

---

ROBERT M. SMITH, plaintiff in error, *vs.* M. B. BRAND, defendant in error.

(BY TWO JUDGES.)   When on a bill filed for an account and settlement of the affairs of a partnership, there was an answer, and the parties at issue, on the bill and answers, and there was a verdict for the plaintiff, and a motion for a new trial, on the ground that the Court erred in refusing to continue the cause, and it appearing, on the hearing of the motion, by the sworn statements of the absent counsel, that one of them was prevented from attending Court by providential cause, and the other, because the Judge had informed him, in open Court, at the regular term at the time he had fixed the day for the Adjourned Term at which the case was tried, that he had given Mr. Walker leave of absence from the Adjourned Term, and that none of his cases would be tried; that Mr. Walker was a leading counsel for the plaintiff in this case, and was counsel in all the cases in which the absent counsel was employed; that he had so publicly notified the Court, and that trusting to this he had not attended the said Adjourned Term:

*Held,* That it was no abuse of the discretion vested in the Judge, in such cases, to grant a new trial.   20th February, 1872.

Smith *vs.* Brand.

.New Trial. Continuance. Absence of Counsel. Before
Judge DAVIS. Walton Superior Court. August Term, 1871.

Smith filed a bill for discovery and for an account and set-
tlement of a partnership between himself and Brand, aver-
ring that Brand was in his debt. Brand, by his counsel,
John J. Floyd, answered, admitting the partnership, etc.,
but denied that he owed Smith anything. At an adjourned
term, Brand moved to continue for the absence of his leading
counsel, Floyd and Billups, but why they were away did not
appear. It was tried in the absence of Floyd and Billups,
and resulted in a verdict for Smith. A motion for a new
trial was made upon the grounds that the Court erred in re-
fusing the continuance, and in his charge, and that the ver-
dict was contrary to the evidence, etc. When this motion
came on to be heard, John J. Floyd and J. A. Billups, coun-
sel for Brand, proposed to state, in their places, "as prelimi-
nary to said hearing," why they were not present at said
trial. This was objected to because it would be adding to
the completed brief of evidence, and that it was immaterial
why they were absent, inasmuch as these reasons were not
made known when the motion for continuance was made.

It appeared that at August Term, 1870, the Court an-
nounced that he would hold an Adjourned Term on the third
Monday in November. Floyd said he could not be present.
The Court replied that Colonel Walker (Smith's counsel) had
leave of absence from said Adjourned Term, and then Floyd
urged no further objection. The Court made a second ad-
journment till the second Monday in December. By this
time Walker's leave had expired, and he was present.

Floyd stated that he filed the answer, and was leading
counsel. But as he did not attend the Court always till its
ending, Billups was also employed to assist him, if present,
or to manage and control the case if Floyd were gone. He
had returned home fatigued the Saturday before Court, was
told by Colonel Clark that this second Adjourned Term

Smith *vs.* Brand.

would be held, and he told Clark that he was not going. (Whether he knew Walker was to be present does not appear.) Billups showed that sudden sickness in his family prevented his going to the Court or sending any excuse. The Court granted a new trial. That is assigned as error.

WALKER & McDANIEL; W. W. CLARK; HILLYER & BROTHER, for plaintiff in error. As to new trial: 37 Ga.: R., 318; 5 Wend. R., 127. Billups was not leading counsel 10 Ga. R., 85; 16th, 526; 24th, 476; 31st, 46.

J. W. ARNOLD; GLENN & DUNLAP; J. J. FLOYD, for defendant.

McCAY, Judge.

It is very clear to us that the defendant below was seriously damaged by the absence of his counsel, and it is equally clear that the absence of the counsel was for very good reasons. Judge Floyd was misled by the Judge himself, and Mr. Billups was absent from providential cause.

We think the discretion of the Judge was not improperly exercised in granting this new trial. The principles of justice required it. Courts ought not to permit themselves to be made the instruments of injustice; and though it be true that if parties get into trouble from want of diligence, they can claim no indulgence, yet, when, as was the case here, the counsel are not at fault, we think the client ought not to suffer. The Judge who tried the case, having granted a new trial on this ground, and he being so situated as to know the truth better far than we can, we will not disturb his judgment.

Judgment affirmed.