King *vs.* King *et al.*

CALEB KING, executor, plaintiff in error, *vs.* JOHN M. KING *et al.*, defendants in error.

A bill in equity may be amended when the *remittitur* from this Court is about to be made the judgment of the Court below, and before it is entered on the minutes of that Court.

*Res adjudicata.* Equity practice. Amendments. Before Judge PARROTT. Gordon Superior Court. April Term, 1871.

The children of Jonas King, deceased, filed a bill against Caleb King, as executor of their grand-father, Jonathan King, to recover from him their father's share in said Jonathan's estate, without averring when their father died. The bill was demurred to for want of equity, and the demurrer was sustained and the bill was dismissed. At January Term, 1871, this Court affirmed the judgment upon the ground that complainants had no right to the relief prayed for, unless their father died during the life of their grand-father.

At April Term, 1871, of said Superior Court, before the *remittitur* from this Court had been filed, they moved to amend said bill by averring the date of their father's death, so as to show that he died during their grand-father's lifetime. Caleb King's counsel objected, upon the ground that until the *remittitur* was filed there was no cause pending in the Superior Court to amend, and that when said *remittitur*

should be so entered and made the judgment of the Court, the bill would be finally dismissed. The Court allowed the amendment of the bill and thus kept it in Court. This is assigned as error.

UNDERWOOD & ROWELL by R. FOUCHE, for plaintiffs in error.

A. R. WRIGHT, by FEATHERSTON, for defendants.

WARNER, Chief Justice.

In this case, there was a general demurrer to the complainants' bill for want of equity, which demurrer was sustained by the Court. The case was brought up to this Court and the judgment of the Court below was affirmed: See *King vs. King,* 42 Georgia Reports, 512. When the *remittitur* from this Court was about to be made the judgment of the Court below, and before it was made, the counsel for the complainants made a motion to amend their original bill, and to make such a case as would give to the Court jurisdiction. The amendment was allowed by the Court, and the defendant excepted. If this was an original question before this Court, I should hold that when a general demurrer had been filed to a bill for want of equity, and that demurrer had been sustained by the Court below and affirmed by the judgment of this Court, without any directions as to the amendment of it, the bill would be out of Court and could not be amended so as to keep it in Court, when the judgment of this Court was about to be made the judgment of the Court below; but the case of *Sullivan, Cabot & Company vs. The Rome Railroad Company,* 28 Georgia, 29; and the case of *Cothran vs. Scanian,* 34 Georgia Reports, 555, decide that an amendment may be made at that stage of the case, and, upon the authority of these two cases, we affirm the judgment of the Court below.

Judgment affirmed.