# Arnold *versus* The Pennsylvania Railroad Co.

| 115 | 135 |
| 153 | 425 |
| 115 | 135 |
| f198 | 171 |
| 115 | 135 |
| 19 SC | ¹117 |
| 115 | 135 |
| 217 | ¹623 |
| 115 | 135 |
| ¡218 | 455 |
| ¡218 | 459 |

1. When a duty is defined, a failure to perform it is negligence, and may be so declared by the court; but when the measure of duty is not unvarying, when a higher degree is required under some circumstances than under others, and where both the duty and the extent of performance are to be ascertained as facts, the jury alone can determine what is negligence, and whether it has been proved.

2. There is no irrebuttable presumption, that a passenger who enters a railway train and seeks to ride upon a limited ticket, the limit of which has expired, is informed as to the rules and regulations of the company prohibiting the use of such ticket, by his paying to the conductor of the train a sum sufficient, with the redeemable value of his ticket, to cover the price of his passage, when no such prohibition appears upon the ticket.

3. If one without knowledge, that under the rules and regulations of the company his ticket is not good for a passage, enters a railway train, he cannot be held as a trespasser; but must be treated as a passenger who by mistake has entered a train, upon which by his contract he is not entitled to ride. Whether he was a trespasser or such a passenger is a question of fact for the jury.

4. A trespasser upon a railway train cannot be ejected therefrom without a reasonable regard for his safety, and whether he was thus ejected is a question of fact for the jury.

5. Lake Shore & Michigan Southern Railway Co. *v.* Rosenzweig, 3 Amerman, 519, followed.

January 6th, 1887. Before Mercur, C. J., Gordon, Trunkey, Sterrett and Green, JJ. Paxson and Clark, JJ., absent.

Error to the Court of Common Pleas No. 1, of *Philadelphia county:* Of January Term, 1886, No. 285.

Case by Charles M. Arnold against the Pennsylvania Railroad Company to recover damages from the defendant for injuries alleged to have been sustained by him by reason of the agents of the defendant unlawfully and negligently ejecting him from one of their passenger trains in which he was a passenger. Plea, not guilty.

The following are the facts of the case as they appeared on the trial before Peirce, J.

On the morning of April 6th, 1883, the plaintiff went to the Broad street station at Philadelphia of the Pennsylvania Railroad Co. to buy a ticket for Lancaster. He bought an excursion ticket, the return coupon of which was as follows:—

Pennsylvania Railroad Co.
Daily Excursion Ticket.

In consequence of the reduced rate at which this ticket is sold, it will only be received for return passage on the day of sale, as stamped on the back. If issued on Saturday or Sunday, will be good to return until the following Monday, inclusive.

Lancaster
to
Philadelphia.

Not good to stop off.

(On the side)                                          J. R. WOOD,
Return Coupon.                          *General Passenger Agent.*

482.

(Endorsed)          Pennsylvania Railroad Co.
April 6th, 1883.
Broad Street, Philadelphia, Pa.

He went to Lancaster, transacted his business, and arrived at the depot at Lancaster at about 11 o'clock in the evening, ready to return to Philadelphia. He waited for a train until about 12.45, when a train arrived, which he took. He took his seat in one of the passenger cars. A short time after the train had left Lancaster, the conductor entered the car for the purpose of collecting the fares of the passengers. The plaintiff handed him the return coupon. The conductor examined it and refused to take it, saying that it had expired at 12 o'clock (about an hour before), and said he would have to pay the full cash fare. The conductor then left, and proceeded to collect the fares of the other passengers. He returned and again asked the plaintiff for his fare, and said that unless he paid it he would put him off. The plaintiff replied that his ticket was good, but rather than be put off he would pay the difference between the redemption value of his return coupon and a full fare. This offer the conductor refused. In the meantime the train had made several stops at its regular stations and no effort was made by the conductor to eject the plaintiff, when the train reached a way station, called Laemon Place, the conductor stopped the train and told the plaintiff that he would now have to get off. The plaintiff arose and, under protest, followed the conductor to the door. On reaching the platform of the car the conductor showed the plaintiff off on the side of the train nearest to the station, and motioned with his hand toward the station. In order to get there it was necessary for him to cross the tracks of the west-bound trains. He had hardly stepped on the ground when the train moved off. It was about half-past one o'clock at night, and very dark. There were no lights or signals at the station, and before the plaintiff had time to clear the track, the head-light

[Arnold v. Pennsylvania Railroad Co.]

of the express train, which was then due at that place, suddenly flashed upon him, and the next instant he was thrown a considerable distance on one side of the track. He lay for a time unconscious, then sought a place of shelter for the night. The only place he could find was in the signal tower of the railroad company, where he spent the night on the floor. In the morning he returned to Philadelphia.

After the plaintiff had closed his case the court on motion of the defendant's counsel entered a compulsory nonsuit. A motion was made to take off the nonsuit which the court *in banc* overruled. Judgment was accordingly entered, whereupon the plaintiff took this writ, assigning for error the said action of the court.

*William W. Porter*, for plaintiff in error.—I. The plaintiff's ticket was good for the passage if begun on the day upon which the ticket expired. He was at the depot of the company and thus beginning his journey before the ticket expired : Allender *v.* The Railroad, 37 Iowa, 264 ; Caswell *v.* The Railroad, 98 Mass., 194; Gordon *v.* the Railroad, 40 Barb., 546 ; Central R. R. Co. *v.* Perry, 58 Ga., 461; Buffett *v.* The Railroad, 40 N. Y., 168; Warren *v.* The Railroad, 8 Allen, 227 ; Poucher *v.* The Railroad, 49 N. Y., 263.

The plaintiff was entitled to be carried as a passenger because he offered to pay the difference between the redemption value of his return coupon and the full fare.

By the Act of May 6th, 1863, sec. 5, P. L. 582, railroad companies are obliged to redeem their unused tickets.

II. Even if the plaintiff be regarded as a trespasser upon the defendant's cars and as rightfully ejected therefrom, still he is entitled to recover.

1. If a trespasser at all he was on the defendant's cars under a reasonable claim of right. He believed the ticket which he had purchased entitled him to ride. When informed to the contrary he offered to pay the difference between the redemption value of the ticket and the cash fare.

2. Even if a willful wrongdoer he was still entitled to be ejected from the train with a due regard for his safety. A conductor is not permitted to use violence in ejecting a trespasser: Penna. R. R. Co. *v.* Toomey, 10 Norris, 256 ; Rorer on Railroads, vol. 2, pp. 960, 963, 966; Biddle & Wye *v.* R. R. Co., 2 Amerman, 551; R. R. Co. *v.* Rosenzweig, 3 Id., 519; Law *v.* R. R. Co., 32 Iowa, 534; Healy *v.* R. R. Co., 28 Ohio, 23; Kline *v.* R. R. Co., 400; R. R. Co. *v.* Stout, 17 Wall., 657; Penn. R. R. Co. *v.* Vandwer, 6 Wr., 365.

III. There was ample evidence of negligence and of damage, and the case should have been submitted to the jury.

[Arnold *v.* The Pennsylvania R. R. Co.]

The question of negligence should have been submitted. If there is any question of fact raised the case should go to the jury: Berg *v.* Abbott, 2 Norris, 177 ; Prutzman *v.* Bushong, 2 Id., 526.

On motion for a nonsuit, not only must the evidence of the plaintiff be taken as true, Gordon *v.* The Railroad, 6 W. N. C., 405 ; Miller *v.* Bealer, 5 Out., 583 ; but every inference of fact which a jury might draw from it in favor of the plaintiff must be drawn by the judge; Smith *v.* Craig, 3 W. & S., 14 ; or if there be some evidence, though slight, from which a jury might draw an inference favorable to the plaintiff, the case should be left to the jury: Bevan *v.* The Ins. Co., 9 W. & S., 187 ; Maynes *v.* Atwater, 88 Pa. St., 496 ; Howard Ex. Co. *v.* Wile, 64 Pa. St., 201.

Negligence is always a question for the jury when there is reasonable doubt as to the facts or as to the inference to be drawn from them. Where the measure of duty is ordinary and reasonable care, and the degree of care varies according to circumstances, the question of negligence is necessarily for the jury: McCully *v.* Clark, 4 Wright, 406 ; Penna. Canal Co. *v.* Bentley, 16 P. F. S., 30 ; W. C. & P. R. Co. *v.* McElvee, 17 Id., 311 ; Crissey *v.* Hestonville Pass. Railway Co., 25 Id., 83 ; McKee *v.* Bidwell, 24 *Id.*, 223 ; Phila. City Railway Co. *v.* Hassard, 25 Id., 367.

*Isaac Elwell* (*David W. Sellers* with him) for defendant in error.

The plaintiff had no ticket entitling him to a passage and declined to pay his fare, the conductor had a right to decline to carry him further. No cause of action exists for the ejection : Dietrich *v.* R. R., 7 Pa. St., 432 ; Railway *v.* Clark, 72 Pa. St., 231.

As his ticket had expired, it was his duty, if able to do so, to pay his fare. If he caused his expulsion, he can recover nothing unless the railroad had committed a breach of contract. Hall *v.* R. R., 9 Am. & English R. Way Cases, 348. He had no right to couple the payment of his fare with a condition that his expired ticket should be redeemed. Vankirk *v.* R. R., 76 Pa. St., 66.

Mr. Justice GORDON delivered the opinion of the court, February 7th, 1887.

Two well established principles, governing cases like that in hand, seem to have been overlooked or disregarded by the court below in the disposition of the present contention. The one is that, as a general rule, questions of negligence are for the jury, and cannot be determined by the court. This rule

with its exception is well stated in the case of McCully v. Clarke & Thaw, 40 Pa., 399, wherein it is said, by Mr. Justice STRONG: "When a duty is defined a failure to perform it is of course negligence, and may be so declared by the court; but when the measure of duty is not unvarying, when a higher degree is required under some circumstances than under others, and where both the duty and the extent of performance are to be ascertained as facts, the jury alone can determine what is negligence, and whether it has been proved." An illustration of this rule and its exception may be found in the case of one who, without stopping to look and listen for approaching trains, attempts to cross the track of a railroad, and is injured. Here a fixed and well defined duty has been violated, and the court determines that there has, *ipso facto*, been negligence. But if it were so, that he did, before attempting to cross, stop, look and listen, then, whether he was otherwise negligent, and whether the railroad company was remiss in its duty, are questions which a jury only can settle. As cases of accurately defined duty seldom arise, and as ordinarily both the duty and the neglect must be ascertained from the attendant facts and circumstances, we may assume the generality of the rule above stated. In the case in hand, the duty of the conductor, in expelling the plaintiff from the cars at the time and place selected for that purpose, was certainly one that was not strictly defined. It may be admitted that as a faithful officer he was obliged to eject Arnold from the train, but then the very important question arises, did he, as the company's employee, properly discharge this obligation in dismissing the plaintiff from the cars between the tracks of the railroad, on a very dark night, at a way station that, from the want of light in or about it, could not be seen? As everything in this proposition depends upon facts and circumstances, its solution was for the jury. If, indeed, we are not to treat the plaintiff as an intentional intruder, we may regard the contention as settled by the case of The Lake Shore and Michigan Southern Railroad Company v. Rosenzweig, 3 Amerman, 519, in which we held, per Mr. Justice TRUNKEY, that, "where a passenger purchases a railroad ticket no irrebutable presumption arises that he is informed as to the rules and regulations of the company prohibiting the use of such tickets on particular trains when no such prohibition appears on its face. If in such case the passenger, without knowledge of such regulation, takes passage upon any one of such prohibited trains, he cannot be treated as a passenger; and, although he has no right to a passage, cannot be expelled from the train as a trespasser, but must be treated as a passenger who by mistake has got upon a train on which, by his contract, he is not entitled to ride."

But the second rule to which we have adverted is, that even a trespasser cannot be ejected from a train without a reasonable regard for his safety. This rule as stated by Mr. Justice HUNT, in the case of The Sioux City & Pacific Railroad Co. *v.* Stout, 84 U. S., 657, is as follows: Whilst a railway company is not bound to the same degree of care in regard to mere strangers who are unlawfully upon its premises that it owes to a passenger, it is nevertheless not exempt from responsibility to such strangers for injuries arising from its negligence or from its tortious acts. And this same doctrine has been approved by our own authorities, *inter alia*, in the cases of the Pennsylvania Co. *v.* Toomly, 91 Pa. 256; Pennsylvania Railroad Co. *v.* Lewis, 79 Id., 33; Hydraulic Works Co. *v.* Orr, 83 Id., 232; Pennsylvania Railroad Co. *v.* Hummel, 44 Id., 275, and Biddle *v.* The Passenger Railway Co., 102 Id., 551. If then, we assume that the plaintiff was a trespasser, still the defendant had a duty to perform with reference to his safety which it was not at liberty to neglect, hence, the court erred in directing a nonsuit. But whether Arnold was a trespasser on the train or not, was also a question for the jury. That his ticket expired on the 6th of April at midnight, there can be no doubt, and as this was a fixed fact of which he was bound to take notice, nothing can be predicated of that ticket in his favor. Still the unused coupon had value, and as the company under the Act of the 6th of May, 1883, was bound to redeem it, he may well have supposed, assuming that he knew nothing of the rule of the company in this particular, that by tendering money to the conductor, as he did, sufficient with the value of the coupon, to cover the price of a return ticket, he would be entitled to a passage to Philadelphia, whither he was bound, and if the jury should so find, he would in that case not be a trespasser, and though liable to expulsion, could not be treated as a willful intruder. In other words, as was held in the Rosenzweig case, above cited, though *prima facie* he was improperly on the train, yet he might rebut that presumption by facts and circumstances going to show that he was there from no disposition to commit a trespass, but by mistake, and from misapprehension of the defendant's rules.

The judgment is reversed, and a new venire ordered.