The Central Railroad and Banking Co. *v.* Paterson.

After a general demurrer to a declaration has been sustained and the cause dismissed by the superior court, and that judgment affirmed in the Supreme Court without condition or direction, the declaration is not amendable. The case of *King* v. *King*, 45 *Ga.* 195, is rested upon a misconception of two preceding cases and is not authority; or if authority, the same is hereby overruled.

July 20, 1891.

Practice. Amendment. Before Judge RONEY. Burke superior court. December term, 1890.

Reported in the decision.

LAWTON & CUNNINGHAM and T. M. CUNNINGHAM, JR., for plaintiff in error.

TWIGGS & VERDERY and P. P. JOHNSTON, *contra.*

LUMPKIN, Justice.

Paterson brought an action against the Central Railroad and Banking Co. for personal injuries. Defendant demurred to the declaration, and the judgment of the superior court sustaining this demurrer was affirmed by this court, without condition or direction. 85 *Ga.* 653. When the *remittitur* was returned to the court below, and before defendant moved to make the same the judgment thereof, plaintiff moved to amend his declaration, which the court allowed him to do, over defendant's objection.

We think the court erred. When the demurrer to plaintiff's original declaration was sustained, and that ruling was affirmed by this court, the plaintiff's case was entirely out of court, and there was nothing to amend by. An examination of the case of *King* v. *King*, 45 *Ga.* 195, will show that the ruling of this court therein was based upon an entire misconception of the two cases cited to sustain it, viz: *Sullivan, Cabot & Co.* v. *Rome R. R. Co.*, 28 *Ga.* 29, and *Cothran* v. *Scanlan*, 34 *Ga.* 555. In the former, a nonsuit was refused by

the circuit court, and the judgment reversed by this court; and when the case went back the plaintiff, before the *remittitur* was entered, moved to amend his declaration so as to make it correspond with his proof. This court held the amendment should have been allowed. In the latter case, complainant's bill was demurred to generally for want of equity, and the court below overruled the demurrer. That judgment was reversed by this court, and at the conclusion of the opinion WALKER, J., remarked: " As to the proposition to amend the bill, we apprehend that is a matter we had better let the court below pass upon, as was done in the case of *Sullivan, Cabot, etc., vs. Rome R. R. Co.*, 28 *Ga. R.* 29." As will be seen, the action of the court below in the two cases cited did not finally dispose of them. The judgments of this court, without more, would have so disposed of them; but suppose, in the first case, the judge below should have been disposed to grant a nonsuit, and had so announced, he certainly would have been authorized to allow the plaintiff to amend his declaration, so as to conform to his proof, before making the nonsuit final. And in the latter case Judge WALKER probably meant to suggest that the court below could allow complainant to amend his bill, upon the return of the case to that court, so as to state a cause of action, before finally dismissing the bill, but left this question open to be determined by the superior court. At any rate, the above statement will suffice to show that these cases were entirely different from the *King* case.

In *Wynne and wife* v. *Alford*, 29 *Ga.* 694, the court below sustained a demurrer to complainant's bill and ordered it dismissed; but this court, in affirming that judgment, granted leave to complainants to amend their bill. It was not, therefore, an absolute affirmance of the judgment below, which would take the case entirely out of court, but the leave to amend left it in such condition that the amendment could still be made.

We think the correctness of our ruling, as stated in the head-note, is sufficiently apparent without further discussion of the cases above cited.

*Judgment reversed.*