PRITCHETT, adm'r, *v.* COMMISSIONERS OF BARTOW COUNTY.

Where, after the decision in *King* v. *King* (45 *Ga.* 195) was made, a
declaration was dismissed on demurrer, and the judgment of dis-
missal was affirmed by the Supreme Court, and the *remittitur*
entered as the judgment of the superior court, but subsequently,
on motion made, the presiding judge passed an order reciting that
the plaintiff had amended his declaration and that service had
been acknowledged upon the amendment before the *remittitur* was
entered, and that plaintiff's attorney was sick and had leave of
absence from court when it was entered, and thereupon ordered
and adjudged that the amendment had been filed and served in
time to keep the case in court, and that said case should stand for
trial on its merits in the same way it would, had it not been dis-
missed, and had this order been passed before the *remittitur* was
entered (parties defendant being also made on *scire facias*), this
was an adjudication that the amendment was filed and served in
time to keep the case in court, and that the case should stand on
the docket for trial; and no exception thereto having been taken,
it was error to afterwards hold that no case was pending and to
strike it from the docket, although after the passing of the order
recited, and before the case was stricken, the decision in the case
of *King* v. *King* had been reviewed and overruled by the Supreme
Court.
(*a*) No decision is now made as to the sufficiency of the amendment,
or of the case made thereby, or by the declaration as amended.

   June 4, 1894. Argued at the last term. Judge LUMPKIN, of the Atlanta circuit,
was appointed to preside in the stead of the Chief Justice, who was disqualified.

Action on bond. Before Judge Henry. Bartow superior court. July term, 1893.

On February 19th, 1867, C. B. Conyers, executor of B. H. Conyers, brought suit against the inferior court of Bartow county, and subsequently M. L. Pritchett, administrator *de bonis non* of B. H. Conyers, was made a party plaintiff in lieu of C. B. Conyers, executor. On March 14th, 1872, the action was dismissed on demurrer, on the ground that no such case was set forth in the declaration as entitled the plaintiff to a recovery. To this ruling the plaintiff excepted, and the judgment was affirmed by the Supreme Court. 46 *Ga.* 462. Afterwards and before the passing of an order making the judgment of the Supreme Court the judgment of the court below, the plaintiff amended the declaration, and defendant's counsel acknowledged service of the amendment. At the March term, 1873, of the superior court, it was ordered, on motion, that the remitter from the Supreme Court be entered on the minutes as the judgment of the superior court, this being the first term that was held after said judgment of affirmance. At this term plaintiff's counsel was sick and had leave of absence, and the remitter was entered during his absence. At the next term he moved in writing for an order that his amendment was made in time to keep the case in court, and the hearing of this motion was postponed from time to time until February 3d, 1876, when the court passed an order and judgment that the amendment was filed and served in time to keep the case in court, and that the case stand for trial on its merits in the same way it would had it not been dismissed and this order had been passed before the remitter was entered on the minutes. On January 29th, 1876, the commissioners of roads and revenues of the county had been made a party defendant in lieu of the inferior court. On July 25th, 1893, the case was called for trial, and

counsel for defendant moved to strike it from the docket,. on the ground that it had been dismissed upon demurrer, which judgment had never been set aside, and that there was no case pending. This motion was sustained, and the plaintiff excepted.

JAMES B. CONYERS, W. .K. MOORE and KONTZ & CONYERS, for plaintiff. A. S. JOHNSON, R. J. McCAMY and A. M. FOUTE, for defendant.

J. H. LUMPKIN, Judge.

At the time when this amendment was made, the Supreme Court had decided that where a bill was dismissed for want of equity, and the judgment of dismissal affirmed, the bill could be amended when the *remittitur* was about to be made the judgment of the superior court and before it was entered on the minutes. 45 *Ga.* 195. It may have been somewhat anomalous to hold that a case having been dismissed on such a demurrer, and the judgment affirmed without condition or direction, an amendment could still be made. But in the case of *King* v. *King* it appears from the report that it was objected that, until the *remittitur* was filed, there was no cause pending in the superior court to amend, and that when the *remittitur* should be entered and made the judgment of the court, the bill would be finally dismissed. But this objection did not there prevail. In *Central R. R. & Bk'g Co.* v. *Paterson*, 87 *Ga.* 646, it was held that this decision was based on a misconception of two preceding cases, and was not authority; or if so, it was expressly overruled. A ruling was also made in *Goldsmith* v. *Ga. R. R. Co.*, 62 *Ga.* 542, contradictory in principle to that in 45 *Ga.* 195, though not citing it or referring to it directly. Nor is the decision in the 62 *Ga.* cited in the case in 87 *Ga.* 646. In both of these cases there was a direct exception to the judgment rendered on the point decided. We are not prepared to

hold, however, that the subsequent overruling of the principle decided in the case in 45 *Ga.* 195, operated to reach back, and *ipso facto* render void, or have the effect of revoking, the solemn judgment of the superior court, unexcepted to, and which has stood for years.

That the principle ruled in a decision may be overruled without necessarily working a revocation of a judgment, seems to be settled. · The case of *Iverson et al.* v. *Saulsbury, Respess & Co.*, 68 *Ga.* 790, furnishes an example. That case was decided by a majority of the court. The decision of the majority was overruled in *Weems, trustee,* v. *Coker*, 70 *Ga.* 746. When the former case again came before the court on a cross-bill, in 73 *Ga.* 733, the court, as then constituted, disapproved of the former ruling, but held that the judgment was binding.

It is true that the *remittitur* in the present case was entered; but it was afterwards declared by order, based on written motion, and after argument had, that this was done when the plaintiff's attorney was sick and had leave of absence from the court, and that plaintiff amended his declaration, and due and legal service was acknowledged on the amendment before the *remittitur* was entered; and it was ordered and adjudged that " said amendment to said declaration was filed and served in time to keep said case in court, and that the case stand for trial on its merits in the same way it would, had it not been dismissed, and this order had been passed before said remitter was entered on the minutes of court." It was insisted that the order referred to was void, and it was suggested in the argument here that it had no more force than to declare that the plaintiff's attorney had done his duty in the premises. We cannot concur in this view. The order recited that action had been taken in the case by the entry of the *remittitur* when plaintiff's attorney was sick and under leave of absence, and adjudged as already stated.

The motion was lost, and only the order on the minutes could be found. It recites a motion in writing, stating the facts, and asking for an order that the amendment was made in time to keep the case in court. True it does not say *in totidem verbis* that the *remittitur* should be taken off the minutes, or that the judgment should be reversed. But in real substance it sought to undo the effect of the entry of the *remittitur* while counsel was sick and absent with leave of the court. (As to counsel under leave of absence and protection due to them, see *passim, Smith* v. *Brand,* 44 *Ga.* 588; *Ross* v. *Head et al.,* 51 *Id.* 605.)

A fair construction of the order and judgment involves something more than an idle waste of time. It was an adjudication that the amendment had been filed and served in time to keep the case in court, and that the case should stand for further hearing. Was this an erroneous judgment? It boots not to inquire. It was rendered after due hearing, involved the very question whether the case should stand upon the docket, and was rendered at a time when an amendment after dismissal on demurrer and affirmance was considered to be allowable by law; it stands unexcepted to, so far as this record shows, and it binds. *Girardey et al.* v. *Bessman, executrix,* 77 *Ga.* 483 *et seq.*

Again, it may be noted that, on *scire facias,* parties were made after the entry of the *remittitur.* Exactly when the proceeding by *scire facias* was begun does not appear, but it may be inferred from the change in the title of the case, and the time when the order making parties was granted, that it was begun after the *remittitur* was entered and the motion made. Parties to what? To no case or to some case? Either we must hold that there has been some very " elaborate trifling " in the superior court in a case that had no existence, or else that there have been some judgments there unexcepted to.

An erroneous judgment, unexcepted to, may be conclusive in its effect. When a superior court makes parties to a case, and decides that it is still in court, that it had escaped death, however narrowly, and shall stand for trial, and this is done after hearing from both sides, it is not a safe plan to acquiesce in this judgment and treat the case as alive for years, and then ask to disregard it as a legal corpse, because the Supreme Court may have held that the decision which doubtless influenced the presiding judge in passing the order was erroneous, and may have overruled its own former decision bearing on the subject.

This is quite different from the case of *Turner* v. *Cates et al.*, 90 *Ga.* 731. There it was held that where a bill in equity had been dismissed, and the order dismissing it had stood for more than three years without being set aside, a decree ignoring its existence and incompatible with its legal effect, would not be binding on the defendants, even though made with the consent of counsel, unless he had express authority to give such consent; and that this would be true, although counsel on both sides, after the rendition of the judgment of dismissal, had treated the case as still pending, and it had several times been continued, as shown by the entries on the issue docket. The question of authority was there in issue, and the jury passed on it. A glance will suffice to show that the facts in this case are quite different.

The presiding judge, when this case came on for trial, on motion made on the ground that the case had been dismissed on demurrer and that the judgment had never been set aside, having held, "upon examining the minutes," that no case was pending in court, and ordered that the case be stricken, we reverse the judgment. If no exception had been taken to *this* judgment, would it not be binding? If so, suppose the judge had overruled

the motion to strike the case, and no exception had been taken thereto, would such judgment be binding or not? In other words, if he decided one way on this motion, would it be binding as an adjudication, but not so if he decided the reverse? Or would such ruling be open to collateral attack hereafter? The answer to these questions will throw light on the status of the ruling made on the former motion by the judge then presiding. Upon the whole, we are of the opinion that the former adjudication was not a nullity.

Upon the case as it now comes before us, we do not feel that it would be proper for us to make any decision as to the merits of the amendment or the declaration as amended, and we do not enter upon any discussion of them.                                     *Judgment reversed.*

Cited for plaintiff in error, on the effect of former rulings unexcepted to: *Cochran* v. *Davis*, 20 *Ga.* 581; *McArdle* v. *Bullock & Radcliff*, 45 *Ga.* 89, 91; *Pettis* v. *Campbell*, 47 *Ga.* 596; *Life Ass'n of America* v. *Ferrill*, 60 *Ga.* 414; *Ansley* v. *Jordan*, 61 *Ga.* 483(7); *Lewis, ex'r,* v. *Allen, adm'r,* 68 *Ga.* 398.