## Stasch, Appellant, *v.* Cornwall Ore Bank Company.

*Negligence — Master and servant — Mines and mining—Blasting by dynamite.*

In an action by parents against a mining company to recover damages for the death of their son resulting from alleged negligence in blasting, the case is for the jury, and a judgment and verdict for plaintiffs will be affirmed, where the evidence tends to show that the man whom defendant employed to direct the blasting and to notify employees of the blasts did not notify the deceased, that this person came to the defendant with the reputation of being careless and reckless in blasting, and that frequent complaints of his

carelessness had been made by other employees to the general superintendent of the defendant.

Argued Oct. 30, 1901.   Appeal, No. 236, Oct. T., 1900, by plaintiffs, from judgment of C. P. Lebanon Co., March T., 1899, No. 71, non obstante veredicto in case of George Stasch and Katharine, his wife, v. Cornwall Ore Bank Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Trespass to recover damages for death of plaintiff's son.   Before EHRGOOD, P. J.

The facts are fully stated in the opinion of the Superior Court.

The jury returned a verdict in favor of plaintiffs for $466.37. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*George B. Woomer,* for appellants.—It was clearly the duty of the defendant below to give proper and timely warning, not only to their own employees, but to all others at work within the sphere of danger: Stephens, Jackson & Co. v. Martins, 23 W. N. C. 475; McCully v. Clarke & Thaw, 40 Pa. 399; Arnold v. Penna. R. R. Co., 115 Pa. 135.

The appellee in some degree at least recognized its duty to provide for the safety of its employees by requiring its foremen, like Blottenberger, to look after them and give proper warning of danger.   Even if the company had not imposed this duty upon its foreman expressly, it still was its duty to do so: Cannon v. Mears, 7 Kulp, 281; Parkhurst v. Johnson, 50 Mich. 70.

*Jefferson Snyder,* with him *Grant Weidman,* for appellee, cited: Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Frazier v. Penna. R. R. Co., 38 Pa. 104; Kaufhold v. Arnold, 163 Pa. 269; Philadelphia & Reading R. R. Co. v. Hughes, 119 Pa. 301.

OPINION BY ORLADY, J., January 21, 1902:

The plaintiffs recovered a verdict for the death of their minor son which was alleged to have been caused by the negligence

of a careless and incompetent person, who directed certain blasting operations at the ore mines of the defendant. Two questions were reserved by the court: First, "Whether there is any evidence to go to the jury that David Blattenberger had the reputation of being a careless, reckless or unskilful, or incompetent person to perform the duties assigned to him when he was employed by the defendant, and that the defendant knew of such reputation, or should have known of such reputation by the exercise of ordinary skill and care in his selection, when he was so employed, or afterwards, before the date of the injury, obtained such information of his reputation or incompetence;" and, second, "Whether there is any evidence to go to the jury that the injury, resulting in his death, was due to the negligence of David Blattenberger." The jury found a verdict for the plaintiff and the court entered judgment for the defendant non obstante veredicto, from which the plaintiff appealed.

At the time the accident occurred a number of blasts in the main body of the mine were to be set off by means of an electric battery, and large lumps of ore, which had been dislodged by former blasts, were to be broken into smaller lumps in order to render the ore fit for shipment. Holes, called block holes, were drilled into these smaller lumps and charges of dynamite placed therein; the latter were then set off by lighted squibs, by boys (one of whom was the plaintiff's son) called block hole boys. When the battery holes and block holes were loaded, the head blaster would take his position at the battery, and in order that all might retreat to a place of safety, notice was then given by a signal of calling out "Fire." The duty assigned to Blattenberger, so far as concerns this case, was to supervise the work in the mine, which, as stated by the general superintendent, was "to see that each man does his duty and see that he does his duty in the proper manner to the best advantage of the company," and "to look after the safety of the men." Blasting where dynamite is used is of a specially hazardous nature, and, for the protection of men engaged in such work, it is of first importance that timely warning of an intended blast should be given, and it must necessarily be that any omission by the person in charge of this part of the work is negligence which is likely to result in the death or maiming of the workmen.

The duty imposed by the law on the employer to his workman was in this case delegated to Blattenberger to discharge.

The measure of duty varies with each change of conditions, and here it required that the safety of the workmen should be guarded at all times from unexpected blasts. Blattenberger had supervision and directing control over the use of a highly inflammable and dangerous explosive, and was charged with knowledge of the result of such a blast that could be anticipated by reasonable diligence. Although he had had years of experience, the evidence of the plaintiff directly lays at his door a very indifferent and careless compliance with this branch of his duty. Several of the workmen had made complaint a number of times of the carelessness and recklessness of this particular person. These facts were brought home to the general superintendent, who had full authority to employ and discharge workmen, and who admitted that John Scott, a witness for plaintiff, had complained to him of Blattenberger's carelessness in regard to blasting at least six times, though Scott stated it was nearly twice as many. This testimony affected the character of Blattenberger both before and after his employment by the defendant. While it is the law that character for skill, care and truth of witnesses, parties or others, must all alike be proved by evidence of general reputation, and not of special acts as declared in Frazier v. Pennsylvania Railroad Co., 38 Pa. 104, Kehler v. Schwenk, 151 Pa. 505, Snodgrass v. Carnegie Steel Co., 173 Pa. 228, and many similiar cases, yet the grade of proof refers to the character of the person prior to employment. " The law presumes they exercised ordinary care and skill in making the selection : " Snodgrass v. Carnegie Steel Co., supra. The testimony in the present case tended not only to establish the fact that Blattenberger came to the defendants with the reputation of being careless and reckless in blasting, but that after his employment his conduct was such as to give them actual notice of his true character. Furthermore the testimony of the plaintiff's witnesses, if believed, clearly proved that at the time the blast which injured young Stasch was put off, and of which he had no notice, Blattenberger was remiss in his duty in not having used greater precautions. One witness testified that Blattenberger could see both the blaster and the boys at the block holes, while others testified that he could not see both from where he stood,

and assuming the latter to be the truth, it was still his clear duty not to allow the blast to be discharged without giving full notice to the block hole boys and all others. The block hole boys did not have anything to do with putting off the electric battery. They could not see the blaster. They relied on the notice from Blattenberger, or from some one under his direction, in order to retreat in time from their admittedly dangerous place. Failure to give such a notice as would reasonably inform them of the impending danger was such negligence as would make the defendant liable. Blattenberger was its representative in doing this work and had full control over it.

There was sufficient evidence to warrant the submission of the case to the jury and for that tribunal to find as a fact that the injury to George Stasch was due to the negligence of the mine superintendent: Lewis v. Seifert, 116 Pa. 628; Stephens, Jackson & Co. v. Martins, 23 W. N. C. 475; Arnold v. Penna. R. R. Co., 115 Pa. 135.

The judgment is reversed and judgment is now entered in favor of the plaintiff against the defendant for the sum of $486.37½, with interest from May 22, 1900. The costs in the court below and on this appeal to be paid by the appellee.