### 4923.  JOHNSON v. SEABOARD AIR-LINE RAILWAY.

1. One who, after having purchased a railway ticket, takes the wrong train by mistake is to be regarded as a passenger while riding thereon and until he has safely alighted therefrom.
2. If the mistake was not caused by any negligence on the part of the carrier or its servants, the carrier is not bound to return the passenger to the point where the mistake was made, but is under a duty to afford him a safe place to alight from the train. For injuries resulting from requiring the passenger to disembark at an unsafe place the carrier would be liable, but not for mental and physical suffering occasioned solely by the mistake in taking the wrong train or in making an effort to return to a place of safety.
3. The failure of a railway ticket agent to inform a passenger upon which of two near-by tracks his train will come can not be made the basis of a recovery for taking the wrong train, in the absence of a request from the passenger for information upon the subject, or of something to indicate to the agent that the passenger is likely to take the wrong train.
4. There was no error in sustaining the demurrer to the plaintiff's petition.

DECIDED AUGUST 25, 1913.

Action for damages; from city court of Polk county—Judge Irwin. April 8, 1913.

*I. F. Mundy, W. W. Mundy,* for plaintiff.

*Brown & Randolph, Ault & Wright,* for defendant.

POTTLE, J. The plaintiff's petition was dismissed on demurrer. Her action was predicated upon the following allegations: Plaintiff desired to go to Taylorsville, on the line of the defendant's railway. She came from her home in Curryville to Rockmart, to take the train for Taylorsville. She was a stranger in Rockmart. At this point the defendant has a main line leading to and from Atlanta, and a branch line leading to Taylorsville. Plaintiff bought a ticket to the latter point, and upon inquiry from the ticket agent, was informed by him that the train would arrive in forty minutes. At the expiration of this time one of the defendant's trains approached on the main line, and the plaintiff, without making further inquiry, boarded the train and took a seat. Shortly after its departure and when the train had gotten between one and two miles from Rockmart, the conductor came through, taking up tickets, and informed her that she was aboard the train going to Atlanta. Thereupon the train was stopped and she got off. It is alleged that the conductor ordered her to get off, but it is not averred that she requested him to take her on to the next station. She was a feeble

woman of delicate health and 54 years of age. She was put off near the woods, beyond a high trestle, on top of a high embankment. In alighting she fell to the ground, and was greatly embarrassed by the fall, as several passengers were observing her. She was forced to stand on the narrow and high embankment until the train moved away, in consequence of which she became frightened and nervous and was in no condition to take the long walk back to Rockmart. The conductor told her it was only a few steps back, and if she would run she would catch her train. She did not know this was untrue, and started back in a run or fast walk, and, when she reached Rockmart, was completely exhausted, and suffering from the nervous strain and fatigue of the walk. When she boarded the train the conductor did not inform her she was on the wrong train, but she "passed the agent and he saw her board said train, and he knew she was going to Taylorsville, and misled petitioner by not explaining to her that her train left from the rear of the depot."

Although the plaintiff boarded the wrong train by mistake, she was, while riding thereon, so far a passenger as to entitle her to protection against the company's negligence; and if, while such a passenger, she had been injured as a result of the failure of the company's employees to exercise due care, the defendant would have been liable. Cincinnati Railroad Co. *v.* Carper, 112 Ind. 26 (13 N. E. 122, 14 N. E. 352, 2 Am. St. R. 144); Columbus Railway Co. *v.* Powell, 40 Ind. 37; I. & G. N. Ry. Co. *v.* Gilbert, 64 Tex. 536; Arnold *v.* Penn. Railroad Co., 115 Pa. St. 135 (8 Atl. 213, 2 Am. St. R. 542). But whether she was a passenger or a trespasser, the defendant's servants were bound to afford her a safe place to alight. It is not alleged that the plaintiff sustained any damage in consequence of having been forced to alight at an unsafe place; it is alleged merely that she was embarrassed by reason of falling; and, so far as appears, the fall was not due to negligence on the part of any agent or servant of the defendant. The entire injury suffered by her was due to the fact that she was compelled to walk back to Rockmart, a distance of about two miles, and to the excitement and nervousness caused by having boarded the wrong train; and her right to recover must depend upon whether her act in taking the wrong train was occasioned by any act of commission or omission on the part of the defendant's agents which would amount to negligence; for if the mistake was due to the company's

fault, it was bound to take her back to the point where the mistake was made, and would be liable for any injuries sustained by her as a result of her effort to reach a place of safety. I. & G. N. Ry. Co. *v.* Gilbert, 64 Tex. 536. On the other hand, if the mistake in taking the wrong train was not due to the company's 'fault, it was bound only to provide her a safe place to disembark after the mistake was discovered; and when she had thus alighted the relation of carrier and passenger ceased and the company was no longer under a duty to her as a passenger. Cincinnati Railroad Co. *v.* Carper, supra. If her mistake was due to negligence on the part of the ticket agent, the conductor had no right to put her off at the place where she alighted, whether he knew of the agent's negligence or not. *Head* v. *Ga. Pacific Ry. Co.,* 79 *Ga.* 358 (7 S. E. 217, 11 Am. St. R. 434). But the agent correctly gave her all the information she sought. In the absence of something to suggest the contrary, the agent was not bound to assume that she did not know which train to take. Both tracks were in plain view, and, if she was in doubt, she could easily have inquired of the agent or of the conductor when she boarded the train. It is no part of a ticket agent's duty to follow passengers up to see that they do not get on the wrong train. His business is in the ticket office, and his duty, so far as passengers are concerned, is ended when he furnishes the means of transportation and gives such information in connection with its use as is necessary to enable the passenger to properly use the ticket. If he is applied to for information in reference to schedules or as to the particular train which the passenger ought to take, it is his duty to give the necessary information, but it is not his duty to volunteer information in reference to these matters to all passengers who apply for tickets, in the absence of some intimation that the information is desired. The statement that the train would be due in forty minutes was not misleading; at least it can not be so regarded in the absence of some allegation that it was untrue and that the only train due about that time was the one which the plaintiff mistakenly boarded. The allegation that she passed the agent and he saw her board the train is not sufficient to show negligence on his part; for it was no part of his duty to be on the lookout to see that she did not take the wrong train; and unless he purposely stood by and knowingly and intentionally permitted her to make the mistake, the company would not be to blame. The allegations

do not show that he did this. It is clear from the petition that the plaintiff's mistake was due to her own failure to exercise ordinary care, and not to any negligence on the part of the defendant. The demurrer was properly sustained.       *Judgment affirmed.*