### 5294.  JOHNSON *v.* SEABOARD AIR-LINE RAILWAY.

After an action has been dismissed by the court on general demurrer, and that judgment has been affirmed on writ of error, without condition or direction, the plaintiff's petition is not amendable.

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Polk county—Judge Irwin. September 13, 1913.

*I. F. Mundy, W. W. Mundy,* for plaintiff.

*Ault & Wright, Brown & Randolph,* for defendant.

ROAN, J.   Mrs. Neely Johnson filed suit in the city court against the Seaboard Air-Line Railway.   The court sustained a demurrer to the petition as amended and dismissed the action.   Plaintiff sued out a writ of error and brought the case to the Court of Appeals for review.   On August 25, 1913, the Court of Appeals affirmed the judgment of the lower court, holding there was no error in sustaining the demurrer to plaintiff's petition and dismissing the case.   See *Johnson* v. *Seaboard Air-Line Ry.,* 13 *Ga. App.* 298 (79 S. E. 91).   The remittitur from the Court of Appeals, signed September 5, 1913, was filed in the office of the clerk of the court below on September 12, 1913.   In the time between the judgment of affirmance and the return and filing of the remittitur in the office of the clerk of the city court, the plaintiff presented to the judge of that court an amendment to the original petition as amended; which amendment was, on August 30, 1913, allowed by the court, subject to objections, and was filed in the clerk's office on September 1, 1913, several days before the remittitur was made the judgment of the city court.   On motion of the defendant, the court, on September 13, 1913, passed an order disallowing the amendment and revoking the order allowing it; and subsequently on the same day the court passed an order making the judgment of the Court of Appeals the judgment of the city court, and ordering that it be entered on the minutes of the court.   These two orders are assigned as error.

The sole question for adjudication in this court is, did the plaintiff have a right, as matter of law, over objection of the defendant, to amend her petition, when the judgment dismissing it had been affirmed in the appellate court?   We must answer in the negative. According to the following authorities, after a general demurrer to a petition has been sustained and the case dismissed by the court below, the petition is not amendable.   *Central Railroad & Banking Co.* v. *Paterson,* 87 *Ga.* 646 (13 S. E. 525); *Benning* v. *Horkan,* 123 *Ga.* 454 (51 S. E. 333); *Harp* v. *Southern Railway Co.,* 119 *Ga.* 927 (47 S. E. 206, 100 Am. St. R. 212); *Kehr* v. *Floyd,* 135 *Ga.* 424 (69 S. E. 550).   These authorities sustain counsel for the defendant in their position that there was nothing in the court below which could be the subject-matter of amendment, since the petition theretofore, by solemn judgment of the court, had been dismissed, and that judgment had been affirmed, although the

amendment was offered prior to the time the judgment of affirmance had been made the judgment of the superior court. It is true the decision in the case of *Thurmond* v. *Clark,* 47 *Ga.* 501, cited by counsel for the plaintiff, holds that a plaintiff may amend his petition after a decision of the Supreme Court affirming the lower court in sustaining a demurrer to it, when the offer to amend is made before the remittitur is entered upon the minutes of the superior court, provided the amendment, in connection with the original petition, sets out a good cause of action. We find no case in which this decision is directly reviewed and overruled; but we do find where a previous decision, that of *King* v. *King,* 45 *Ga.* 196, announcing practically the same doctrine as that of *Thurmond* v. *Clark,* supra, was in the case of *Central Railroad & Banking Co.* v. *Paterson,* supra, referred to by name, and the doctrine announced therein overruled. Doubtless the Supreme Court's attention was not called to the case of *Thurmond* v. *Clark,* at the time of overruling the decision in the *King* case, and for this reason it was not expressly overruled; but as the same points were involved, we must assume that the overruling of the principles announced in the *King* case also overruled the holding in *Thurmond* v. *Clark.* For these reasons we deem it unnecessary to certify to the Supreme Court this case for decision on the question whether the Court of Appeals should follow the doctrine announced in the *King* case, or the later decisions cited, holding to the contrary.

The court committed no error in refusing to allow the amendment and in making the remittitur from the Court of Appeals the judgment of the court below. *Judgment affirmed.*