*Franklin & Langdale,* contra.

———————————  .

11649. WILCOX *v.* BOWEN, administrator.

JENKINS, P. J. 1. Where counsel for the defendant made a formal motion for continuance of the case, on the ground of the absence of the defendant, and stated in his place that his client's absence was for " reasons unknown to counsel," that he " needed the assistance of his client and could not safely go to trial " without him, and that the defendant was a witness to certain material facts, and where the motion was overruled, the case proceeded to trial, and the court directed a verdict for the plaintiff, and where the defendant, in his motion for new trial, showed that on the day of trial and for two days thereafter he was ill, in a semiconscious condition, and unable to attend court or to notify the court or counsel of his condition, that he had a meritorious defense, and, if he had been present at the trial, " would have sworn that he received no notice of the intention of the plaintiff to file said suit," and that the note for $750 sued on included the $250 note also sued on, and that the latter note had in this way been satisfied, and where these grounds of the motion for a new trial were supported by uncontroverted affidavits of the defendant and others, and where the defendant and his counsel both affirmatively showed the exercise of due diligence, it was error to refuse the grant of a new trial upon the ground thus shown, even though, as the court recited in the order denying a new trial, the evidence by the defendant as to the payment of the $250 may have been inadmissible because relating to transactions between the defendant and the deceased payee of the notes; since, as the judge subsequently pointed out in the bill of exceptions, he did not thus mean to indicate that other material testimony by the defendant, denying his liability and denying receipt of notice for attorney's fees as set up in his motion for new trial and affidavits, would be inadmissible. *White* v. *Martin*, 63 *Ga.* 659; *Thrasher* v. *Anderson*, 45 *Ga.* 538; *Smith* v. *Brand*, 44 *Ga.* 588; *Peacock* v. *Usry*, 52 *Ga.* 354.

2. Assignments of error as to the admissibility of certain evidence

in the ·previous trial, not relating to matters likely to arise in a subsequent trial, are not passed· upon.

*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED FEBRUARY 15, 1921.

Complaint; from Ben Hill superior court — Judge Gower. May 4, 1920.

*D. E. Griffin,* for plaintiff in error.

*A. J. & J. C. McDonald, Vessie Jones,* contra.