BULLARD *v.* BULLARD, administratrix.

No. 16435. JANUARY 10, 1949.

650

*A. H. Gray*, for plaintiff.

*A. L. Miller* and *Lee Miller Jr.*, for defendant.

HEAD, Justice. The first question for consideration is the ruling of the trial judge on the motion to strike, in the nature of special demurrers. That part of the answer attacked by the plaintiff alleged: that at the time the plaintiff claimed the deceased had contracted with him to make a will, the deceased was heavily indebted to a named bank in a stated large sum, and title to the property had been conveyed to secure the indebtedness; that the deceased had paid certain stated promissory notes upon which he was security for the plaintiff, and such notes are a part of the estate of the deceased; that the deceased had conveyed his undivided interest in certain real estate to the wife of the plaintiff; that the transfer to the wife of the plaintiff was "possibly influenced by the fact that Jim Bullard [plaintiff] sometimes shaved him and did other small errands for him"; and that the conveyance to the plaintiff's wife was made after full payment by the deceased of the indebtedness on the property which the plaintiff contended the deceased had contracted to convey to him by will.

In the brief of counsel for the defendant in error it is contended that the purpose of the allegation as to the indebtedness of the deceased was to show his financial condition, and that under such circumstances he would not likely have made a contract such as was claimed by the plaintiff. It is further contended that the deceased would not likely have signed as security

for the plaintiff on the notes described, or have conveyed to the plaintiff's wife the real estate described, had such a contract as claimed by the plaintiff in fact existed.

Counsel can not supply by brief that which the answer does not contain. The answer did not show how or in what way, or manner these allegations are material on the issue of the alleged contract of the deceased to make a will and leave certain described real estate to the plaintiff. The allegations that the deceased was indebted at the time of the alleged contract, that the plaintiff was indebted to the deceased, and that the deceased had conveyed certain real estate by deed of gift to the wife of the plaintiff, were not responsive or germane to the allegations of the petition, that a contract to make a will had been entered into between the deceased and the plaintiff, nor was any proper basis laid whereby the jury would have been authorized to draw an inference from such allegations that a contract to make a will did not exist.

The record discloses that voluminous evidence was introduced by the defendant to prove the allegations of the answer attacked by the demurrers. Such allegations and proof, while in no sense disproving the plaintiff's contentions as to the existence of a contract to make a will, must necessarily have confused the jury as to the issues to be determined by their verdict. Counsel for the defendant in error contends that the plaintiff failed to establish his case under applicable rules of evidence in a suit for specific performance of a contract to make a will. The plaintiff in error contends that he proved his case as laid (see *Bullard* v. *Bullard,* 202 *Ga.* 769), and that a verdict for the plaintiff was demanded as a matter of law. An examination of all relevant testimony will show that, while there was ample evidence to support a verdict for the plaintiff, such a verdict was not demanded as a matter of law. Under our view of the evidence, the failure of the trial court to strike the parts of the answer attacked by the plaintiff's demurrers, and the admission of testimony to establish such demurrable allegations, require the grant of a new trial. *Judgment reversed. All the Justices concur.*