21473. WELSCH, Mayor, *et al.* v. WILSON.
21474. WELSCH v. WILSON.

Argued January 8, 1962—Decided February 8, 1962.

*Frank D. Schaffer, Vernon W. Duncan,* for plaintiffs in error.
*Grubbs & Prosser, J. Milton Grubbs, Jr.,* contra.

Grice, Justice. This litigation raises the question of whether the City of Marietta is authorized to pay to its mayor compensation, over and beyond the sum specified in the charter as the mayor's salary, for services ordinarily rendered by a city manager.

A taxpayer, Charles C. Wilson, filed his petition in Cobb Superior Court against Sam J. Welsch, individually and as mayor of the City of Marietta; A. L. Bagley, Jr., as clerk and treasurer of that city; and the City of Marietta, seeking to enjoin the disbursement and receipt of monies from the city's treasury pursuant to a resolution adopted by its governing body on February 10, 1960. The petition alleged that the charter of the City of Marietta now limits the mayor's compensation to $3,000 per year in addition to travel expenses and official business expenditures and $600 for serving as a member of the Board of Lights and Water of the City; that a February 10, 1960, resolution of the city council purportedly authorized that the defendant mayor be compensated at $7,400 annually, in addition to that paid him as mayor and as a member of the Board of Lights and Water, for duties otherwise performed by a city manager; that since adoption of the resolution such sums have been and are now being paid to Welsch from public funds; and that there is no authority in law for such payment. Temporary and permanent injunctive relief against disbursement and receipt of the $7,400 annually was sought.

To such petition the defendants interposed general and special demurrers, all of which were overruled. Thereupon, Welsch,

as mayor, and the other defendants assigned error in case number 21473, and Welsch, individually, assigned error by a separate bill of exceptions, constituting case number 21474. Since both involve the same issue the two cases will be treated together.

Although various contentions are made by the parties, the case, as we appraise it, turns upon construction of the provisions of the charter of the City of Marietta and the February 10, 1960, resolution of the Marietta City Council.

The charter (Ga. L. 1904, p. 519), as amended (Ga. L. 1959, p. 2111 in particular), sets the salary of the mayor at $3,000 annually and provides that he shall perform certain enumerated duties and "such other duties as the ordinances of said city shall provide and require or that the council may refer to him from time to time." It also provides: "The mayor and council may, in their discretion, employ a city manager and define his duties . . . and the mayor and council shall determine and fix, from time to time, the compensation to be paid to said city manager if employed."

The February 10, 1960, resolution of the Marietta City Council provides in part as follows: "Whereas, it was the decision of the Mayor and Council of the City of Marietta . . . not to engage the services of a City Manager, such decision has been adhered to and is now adhered to . . . and whereas . . . [the present mayor] in addition to the duties imposed upon him by virtue of his office as Mayor has performed the duties of a de facto City Manager; and whereas, the Council of the City of Marietta, by virtue of . . . [Ga. L. 1959, p. 2111] is authorized to refer to the Mayor duties in addition to those imposed upon him expressly by such Charter; and whereas . . . it is in the public interest that additional duties than those expressly imposed by the City Charter be referred to Mayor Sam J. Welsch; now, therefore, be it resolved . . . that: 1. . . . he is hereby expressly authorized and directed to perform other duties in addition to those expressly conferred upon him by the City Charter, such other duties to be those that otherwise would be performed by a City Manager; 2. That for the additional duties imposed upon him by this resolution, the Honorable Sam J. Welsch, Mayor, be compensated at the rate of

"$7,400 annually . . . this to be in addition to the compensation paid him for his duties as Mayor, and in addition to the compensation paid to him as a member of the Board of Water and Lights."

Thus, we see that the city charter sets the mayor's salary at a specified figure. It makes no provision for the council to change that amount although it does authorize the council to refer duties to the mayor in addition to those specified in the charter. It permits the mayor and council, in their discretion, to engage a city manager and to fix the compensation if one is employed.

Now, looking at the February 10, 1960, resolution in the light of the above mentioned provisions of the city charter, we find them to be in conflict in an important particular.

The resolution speaks clearly as to what the governing body of this municipality intended. First, it states that the decision of the council and mayor, adhered to then, was *not* to engage the services of a city manager. Second, it shows the determination of the council that duties in addition to those expressly imposed upon the mayor by the city charter be referred to him and that such duties are to be those that otherwise would be performed by a city manager. Third, it provides that, for these additional duties, the mayor is to be paid $7,400 annually.

The first and second of those subject matters of the resolution are consistent with and authorized by the charter. However, the third is not.

The charter provision authorizing the employment of a city manager provides that the mayor and council shall determine and fix "the compensation to be paid said city manager *if employed.*" (Emphasis ours.) Having expressly disavowed employing a city manager, the council has no authorization in law for fixing compensation for the performance of the duties that otherwise would be performed by a city manager.

Furthermore, the charter sets the mayor's salary at $3,000 plus travel expenses and $600 for serving as a member of the board of Water and Lights. Although it authorizes the council to refer additional duties to the mayor, it makes no provision for additional compensation for these duties. Authorization for the em-

ployment and compensation of a city manager, if engaged, does not permit compensation to the mayor, in an amount in excess of the sum stated in the charter as his salary, for performing the duties which would have been performed by a city manager, had one been employed. The defendant mayor, not performing such additional duties as city manager, but instead as mayor, was not entitled to the $7,400 additional compensation.

The foregoing determination makes it unnecessary to consider such questions as whether the charter grants to the mayor and council unreviewable discretion in the employment and compensation of a city manager or whether the mayor may be employed also as city manager and paid additional compensation in that capacity.

Accordingly, the action of the trial judge in overruling the general demurrers was correct. This ruling controls the special demurrers.

*Judgment in Cases Nos. 21473 and 21474 affirmed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. The resolution adopted by the city council evidences an intention to act under the authority of the charter provision (Ga. L. 1959, pp. 2111, 2149) which empowers the council to expand the duties of the mayor. But it also manifests a misconstruction of that charter provision. The charter simply authorizes the imposition of additional duties on the office of mayor, all of which are fully compensated for by the salary specified in the charter. This resolution utterly fails to expand in any degree the duties enumerated in the charter of the office of mayor. Instead it plainly and indisputably placed the duties therein upon the individual, "Honorable Sam J. Welsch," and provides payment to him therefor in the sum of $7,400.00. That this is the only true meaning of the resolution is demonstrated beyond reasonable doubt by the fact that should Sam J. Welsch leave the mayor's office today, his successor would not be required or authorized to perform any of the duties referred to in the resolution or to receive any part of the $7,400 compensation. In the face of these plain facts the resolution should not be distorted by a construction

that refuses to deny, explain or answer this plain meaning of the resolution.

The charter (Ga. L. 1959, pp. 2111, 2150) confers ample authority upon the council to procure the duties specified in the resolution and to pay therefor, and these duties are not included in or in conflict with the duties of the mayor as prescribed by the charter. The petition is subject to the demurrer, and the judgment of the lower court should be reversed. I therefore dissent and I am authorized by Mr. Justice Candler to say that he fully concurs in this dissent.