21743. WELSCH, Mayor, et al. v. WILSON.

ARGUED SEPTEMBER 10, 1962—DECIDED NOVEMBER 8, 1962.

*Vernon W. Duncan, Frank D. Schaffer*, for plaintiffs in error. *Grubbs & Prosser*, contra.

GRICE, Justice. The controversy over compensation for the Mayor of Marietta is again before us, this time to review rulings

made upon demurrers to an amendment to the petition and also those made upon the hearing for temporary injunction.

Previously this court, two justices dissenting, affirmed the action of the Superior Court of Cobb County in overruling the defendants' demurrers to the plaintiff's petition. *Welsch, Mayor v. Wilson* and *Welsch v. Wilson,* 217 Ga. 582 (124 SE2d 77). In those cases we upheld the taxpayer's petition, which alleged that the defendant City of Marietta had on February 10, 1960, adopted an unlawful resolution providing for additional compensation to the defendant Mayor Welsch, and which prayed for injunction against further payment of moneys under that resolution.

Subsequently to such ruling the plaintiff amended his petition by adding paragraphs and a prayer whereby the defendant mayor would be enjoined from receiving and the defendants city and treasurer from paying to Welsch any money whatever. Thereupon, the trial court issued a restraining order, as prayed.

Each of the defendants filed general and special demurrers to that amendment, which were overruled. They also filed answers denying the material facts of the amendment.

Prior to the interlocutory hearing each side instituted proceedings to compel the production of documents, and rulings favorable to the plaintiff resulted. In the course of the hearing certain testimony of the plaintiff was admitted over the defendants' objection, some offered by the defendants was refused admission, several matters of cross-examination were denied the defendants, and their oral motion to dismiss the petition was denied.

At the conclusion of the hearing the trial court continued in force, until further order, the restraining order prohibiting payment by the city and receipt by Welsch of any money whatever.

Error is assigned upon fourteen rulings, including those on production of documents, admission and refusal of testimony, denial of a motion to dismiss, and continuance of the restraining order. However, as we analyze the issues presented by this bill of exceptions it is necessary to determine only one, the order overruling the demurrers to the amendment to the petition.

■ Headnote 1 requires no elaboration.

■ The amendment is extremely broad. It adds the provisions which follow.

"22. . . . that under the laws of Georgia and the charter of the City of Marietta, the maximum yearly salary and emoluments of office for defendant Sam J. Welsch is $3,600.00 until April 1st, 1962 when the same increases to $8,000.00 per year . . . that said defendant A. L. Bagley, Jr. and defendant City of Marietta have already paid to defendant Sam J. Welsch and he has received more than his said maximum authorized lawful salary and emoluments of office in excess of the amount authorized through the entire remaining tenure of his office.

"23. . . . that on account of the facts alleged in [22] he, for himself and the other citizens and taxpayers of the City of Marietta, are entitled to a temporary and permanent restraining order and injunction restraining and enjoining the defendant Sam J. Welsch from receiving *any further money, funds, stipends and salary in any amount whatever* from the City of Marietta. [Emphasis ours.]

"24. . . . that all of the defendants have acted in extreme bad faith in that the defendant Sam J. Welsch made a public statement that he would not receive any more money in excess than that authorized by law and no later than February 13, 1962, he grabbed another $3,000.00 under an unlawful pretext that the same was 'back pay' and again began to take money regularly from the treasury and public tax money of the City of Marietta at the rate of $11,000.00 per year in clear contravention of the laws of Georgia."

It also provides for the following additional prayers.

"(e) That the defendant A. L. Bagley, Jr. and the defendant City of Marietta be temporarily and permanently restrained and enjoined from paying and the defendant Sam J. Welsch be temporarily and permanently restrained and enjoined from receiving *any further money, funds, stipends, salary, and emoluments in any amount whatever* from [the city]. [Emphasis ours].

"(f) That a temporary restraining order issue immediately and that rule nisi issue requiring the defendants . . . to show cause . . . why [they] should not be restrained and enjoined as prayed for in this petition."

To that amendment each of the defendants interposed demurrers to the effect that it, taken independently or in conjunction with the original petition, failed to set forth a cause of action, or matters for equitable relief, and that the allegations were too vague, insufficient, and indefinite to constitute a cause of action, either at law or in equity. Also to such amendment they filed special demurrers, pointing out lack of specificity of the statements and charges made, and raising other objections. However, as we view the pleadings, it is necessary to deal only with those first-above mentioned.

This amendment, as we evaluate it, was subject to such demurrers.

The effort to prohibit any further payment, whether it be mayor's salary, Board of Lights and Water Works salary, or travel and official business expenses, is predicated upon the statement in the amendment (par. 22) that "he has received more than his said maximum authorized lawful salary and emoluments of office in excess of the amount authorized through the entire remaining tenure of his office." This statement, as well as those in paragraphs 23 and 24 of the amendment, are but sweeping conclusions, and do not constitute the pleading of facts, as is required for a cause of action. *Code* § 81-101; *Forrester v. Edwards,* 192 Ga. 529, 534-535 (15 SE2d 851); *Harper v. Lindsey,* 162 Ga. 44 (1), 47 (132 SE 639). The amendment does not raise an issue. It was error to overrule such demurrers and thus require the defendants to go to trial upon an erroneously amended petition.

■ The ruling in Division 2, supra, renders nugatory the subsequent proceedings, including continuing in force the restraining order. See *Steadham v. Cobb,* 186 Ga. 30 (3) (196 SE 730); *Bullard v. Bullard,* 204 Ga. 649, 651 (51 SE2d 423).

Therefore, we do not reach the other issues in the case.

*Judgments reversed. All the Justices concur, except Head, P. J., and Quillian, J., who dissent. Mobley, J., concurs specially.*

MOBLEY, Justice. I concur specially in the judgment because in my opinion the trial court erred in overruling special demurrers to certain paragraphs of the petition which alleged conclusions without facts to support the conclusions.