22875. THOMPSON, Mayor v. LANG et al.

MOBLEY, Justice. The five members of the City Council of Lyons, Georgia brought their petition against the mayor of

the city alleging that he was interfering in various described ways with Doyle Watson, the duly elected chief of police of the city in the performance of the duties of his office, and that he insisted that one Jimmy Banks was the chief of police, recognized him as such, directed payment of the salary of the office to him, and refused to pay the salary to Watson; that he directed the clerk of the council not to prepare and record the minutes of certain meetings of the council, and that he was giving away water by compromising, adjusting, and reducing water bills and not requiring payment of the amount due according to meter readings, all of which constituted an illegal expenditure of city funds. The petition prayed that defendant be temporarily and permanently enjoined from continuing commission of the alleged illegal acts. At an interlocutory hearing the defendant consented to the court granting an injunction against his instructing the clerk not to prepare and record minutes of council meetings and against his acceptance of payment of water bills in any amount other than shown to be due by meter readings, and agreed that the only issue for the court to decide was "whether the Mayor or the City Council had the right to elect a chief of police and that this was an issue of law and not of fact." The court entered judgment overruling the general and special demurrers to the petition, sustaining the demurrer to defendant's answer, finding and declaring Doyle Watson to be the duly and lawfully elected chief of police of the city, and permanently enjoining the defendant as prayed in plaintiff's petition. The exception is to that judgment. *Held:*

1. The allegations that the mayor was giving away water by compromising, adjusting, and reducing water bills and not requiring payment of the amount due according to meter readings, all of which constituted an illegal expenditure of city funds, stated a cause of action for injunctive relief; and, the allegations that the mayor directed payment of the salary of the chief of police to Jimmy Banks, whom he is alleged to have appointed, and refused payment to Doyle Watson, who was elected as chief of police by the mayor pro tem. (acting in the absence of the mayor as authorized by the charter) and the city council, also stated a cause of action for injunction against continuance of said acts, as the charter of the city provides that the mayor and council shall elect the chief of police and not the mayor. See *Welsch v. Wilson,*

217 Ga. 582 (124 SE2d 77). The court properly overruled the general demurrer to the petition, and it was not error to overrule the special demurrers.

2. The bill of exceptions recites that at the interlocutory hearing on the petition, no evidence was offered and the only matter considered by the judge was the legal question raised by the general demurrer and stipulations, and that the stipulation was entered by counsel for the parties that the defendant made no issue about the mayor giving away water and that there were no issues of fact for determination by the court. The court's order recited that the defendant agreed to an injunction against him directing the clerk not to prepare minutes of council meetings and entering them on the minutes, and against his committing alleged acts as to the water system, and that the only issue was whether the mayor or city council has the right to elect the chief of police and that this was an issue of law and not of fact.

The court did not err in permanently enjoining the mayor from giving away city water and other acts charged in connection with the water system, and enjoining him from directing the clerk of the city council not to prepare and record minutes of the meetings of the city council, the defendant consenting thereto.

It is clear that the mayor has no charter or other legal authority to elect or appoint a chief of police, as Section 11 of the charter of the city (Ga. L. 1907, p. 770) provides "that at any regular or special meeting of the mayor and council . . . said mayor and council shall elect . . . a marshal (chief of police) . . . and other . . . officers as the mayor and council may deem necessary. . . All said officers shall hold their offices at the pleasure of the mayor and council." The charter provision (Ga. L. 1963, pp. 2354, 2355, § 14) that the mayor is the administrative officer and "shall have control of the marshal (chief of police)" and "may appoint special officers whenever he may deem it necessary" does not vest in him authority to name the chief of police, as the charter expressly provides that the mayor and council shall elect him.

The petition alleges that at a special meeting of the city council with the mayor pro tem. presiding, one Doyle Watson was elected chief of police by a vote of 4 to 0, that the mayor vetoed this resolution, and at a later meeting the veto was overriden by a vote of 4 to 0. This vote met the charter

requirements for overriding a veto. (Ga. L. 1963, p. 2355, § 14). The oath of office was later administered to Doyle Watson as chief of police by the mayor pro tem.

Section 12 of the Act (Ga. L. 1907, p. 771) provides that the mayor and council shall hold their meetings as they may deem proper and may fix a time and place for meetings as they deem proper. Section 13 (Ga. L. 1907, p. 771) provides that during the "sickness, absence or disqualification of the mayor, the mayor pro tem. shall be clothed with all the rights and privileges of mayor, and shall perform the mayor's duties." Counsel for the mayor argues that the petition does not allege that the mayor was "absent, sick, or disqualified" at the time of the meeting at which the mayor pro tem. presided, and for that reason the petition fails to show that the meeting was lawfully presided over by the mayor pro tem. and that the purported election of Watson as chief of police at that meeting was illegal. The defendant did not specially demur to the allegations with reference to the mayor pro tem. presiding, or that the petition failed to allege that the mayor was absent, sick, or disqualified. He stipulated that there was no issue of fact as to the election of the chief of police. Thus, the court was authorized to accept the facts as to the election of the chief of police as alleged. The charter provides that the mayor or the council may call a special meeting. The meeting at which Doyle Watson was elected so far as the petition shows was lawfully called and conducted, and he was legally elected; and, the meeting at which the council overrode the mayor's veto was also legally called and conducted. Thus, we conclude that Doyle Watson was lawfully elected Chief of Police of the City of Lyons, and that the mayor was without authority to prevent his performance of the duties of the office or prevent payment of the salary fixed for the office to him.

The exceptions to the judgment of the trial court are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 8, 1965—DECIDED APRIL 9, 1965.

*Sharpe, Sharpe & Hartley, T. Ross Sharpe,* for plaintiff in error. *Alvin L. Layne,* contra.