SULLIVAN, CABOT & CO. *vs.* ROME R. R. CO.

When a motion for a non-suit is made in the circuit court and refused, and the decision is excepted to and reversed in the supreme court, it is competent for the plaintiff to amend his writ, so as to make it correspond with his proof, at the time when application is made, upon the return of the *remittitur* to enter the judgment of the court upon the minutes of the circuit court.

Case, from Floyd county. Decision by Judge HAMMOND, at August Term, 1858.

Upon a motion made that the judgment of the supreme court be entered on the minutes of the superior court and be made the judgment of that court, counsel for plaintiffs moved to amend their declaration; said amendment charging defendant with unreasonable delay in delivering the cotton at Kingston and Augusta, and alleging that defendant undertook and contracted to deliver the cotton in a reasonable time at Kingston and Augusta. (See 25 Geo. Reports, 228.)

The court refused to allow the amendment, and counsel for plaintiffs excepted.

J. W. H. UNDERWOOD, for plaintiffs in error.

PRINTUP, and SHROPSHIRE, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

When this case was first tried in the circuit court, the defendant, that is, the Rome Railroad Company, moved for a non-suit. The application was refused—the defendant excepted and brought his writ of error to this court. (25 Geo. Rep. 228.) We reversed the judgment of the

court below; and when the *remittitur* was sent back, a motion was made by the defendant to enter the judgment of reversal on the minutes of the court.

Cotemporaneously with this motion the plaintiff asked leave to amend his declaration, so as to make it correspond with his proof. This was denied, and Sullivan, Cabot & Co. excepted.

We think the amendment should have been allowed. Suppose the circuit judge, in the first instance, should have granted the non-suit, would it not have been competent for the plaintiff to have amended his writ so as to make it conform to the case as proven by the testimony? Most assuredly the judgment of reversal by this court could not do more than this. It does not terminate a case *proprio vigore*, but our judgments have to be carried into effect by the circuit court. Here, then, is a *stage of the proceeding* at which it is the right of the party under the statute, to amend his pleadings. And the law is good. It saves delay and cost—two of the greatest evils attendant on the administration of justice.

Judgment reversed.