## BASS DRY GOODS COMPANY *v.* GRANITE CITY MAN-UFACTURING COMPANY *et al.*

1. A partnership is dissolved by the death of one partner, and it is not necessary to give notice of the dissolution to third persons.
2. The surviving partner or partners have the right, under the law, to wind up the partnership affairs. If in so doing one partner, acting as a surviving partner and traveling salesman, sells to a third person goods which have already been sold by a resident surviving partner and which for this reason can not be delivered, neither the partnership assets nor the estate of the deceased partner can be held liable for the failure to deliver the goods to the purchaser from the traveling partner.
3. A decision of this court, rendered upon one state of facts, is not res judicata upon another trial of the same case when a new issue has been introduced and the evidence is essentially different.
4. (a) Where the surviving partners delegate to one of their number the right to wind up the affairs of the partnership, the managing partner can not, without further authority, bind one of the others by a contract which is of such nature that the partnership assets are not bound.
   (b) Where such managing partner sends written authority to an agent to sell certain goods of the partnership to a named person, and the sale is accordingly made, the managing partner is personally liable to the purchaser for a breach of the contract necessitated by his having, without revocation of his agent's authority and without notice to such agent or the purchaser, sold and delivered the goods to another prior to the sale by the agent but after authorizing such sale.
   (c) Where such agent was also a surviving partner, he would be liable or not according to whether he made the sale as agent or professed to act in his capacity as surviving partner, the purchaser knowing nothing of the delegation of the powers of the survivors to one of their number.
5. "An objection made generally to the introduction of specified evidence as a whole is not well taken when some of it is admissible."

Submitted May 1, — Decided August 7, 1902.

Action upon contract. Before Judge Proffitt. City court of Elberton. January 18, 1902.

*Kilpatrick & McClelland*, for plaintiff.
*Joseph N. Worley*, for defendants.

SIMMONS, C. J. The Bass Dry Goods Company, a corporation, brought an action against the Granite City Manufacturing Company, a partnership, and against the partners individually, for a breach of a contract for the sale of goods. The record discloses that Brown, one of the partners, in his capacity as a member of the firm, made a contract of sale of certain goods to the plaintiff at a stipulated

price. The defendants failed and refused to deliver the goods. The defendants contended that, at the time the sale was made to the plaintiff, the firm had been dissolved by the death of one of the partners (whose personal representative is a party to this case), that the surviving partners had no right or authority to continue the business except to dispose of the goods on hand, that these goods had been already sold, and that therefore the partnership assets were not liable. The partners as individuals defended on the ground that they had acted in good faith in the matter, Brown believing, at the time the sale was made, that the goods were on hand. The defense of the estate of the deceased partner was, of course, similar to that made by the partnership as such. There was no demurrer to any of the pleadings, except that the partnership demurred generally to the petition, and no ruling on this demurrer is here invoked. On the trial the jury returned a verdict for the defendants. The plaintiff moved for a new trial. The motion was overruled, and the plaintiff excepted.

1. A partnership is dissolved by the death of one of the partners. When one of the partners dies, it is not necessary that notice should be given to third persons or to the world of the dissolution of the partnership. Parsons, Part. (4th ed.) § 351. "Dissolution by operation of law is presumed to be taken notice of by every one. It is of a public and not a private nature, and hence no notice is necessary. Thus, in case a partner dies, his estate at once ceases to be liable for future contracts entered into by the other partners . . independent of notice of the fact." 2 Bates, Part. § 610.

2. Before the partnership is dissolved, each member is the agent of the others and the partnership will be bound by any contract made by a partner within the scope of the partnership business. After the death of one of the partners has dissolved the partnership, this general agency is changed by operation of law to a special agency. That agency is limited to selling the goods of the partnership, collecting the assets, paying the debts and doing other acts which are necessary or proper to close and wind up the business. The surviving partner or partners have no right or authority, after the dissolution, to make any new contract to bind the partnership assets. Applying these well-known principles to the case under consideration, Brown, one of the partners, had no authority to bind

the partnership or the deceased partner's estate by a contract with the plaintiff for the sale of goods not on hand. If in winding up the partnership affairs all the goods on hand had been sold, Brown could not bind the partnership to furnish goods which it did not have. The plaintiff in the court below, knowing as matter of law of the dissolution of the firm, was obliged to know of the limitations upon the power and authority of the surviving members in winding up the business. These limitations are imposed by law, and all persons are affected with notice of them. If the surviving partner exceeds the duties and powers conferred on him by law and sells goods which have already been sold and which are not on hand at the time of the sale, the purchaser can not hold the partnership liable. For the same reasons, the purchaser can not, in such a case, hold to accountability the estate of the deceased partner.

3. It was argued, however, that the law was laid down differently when this case was here before. 113 *Ga.* 1142. In that case this court held that the partnership was bound by the acts of a partner within the scope of the partnership business, and that when Brown sold these goods to the plaintiff the partnership was bound by the contract. But the facts in the record then before us were very different from those now shown. It was alleged in the declaration, and not denied, that this sale was made by Brown before the dissolution of the partnership and before the death of the deceased partner. There was absolutely nothing in the evidence or any other part of the record to contradict this. The decision was, therefore, sound. From the present record it appears that, after that decision, the plea was amended so as to allege that the sale was made after the dissolution of the partnership, and the evidence clearly establishes this allegation of the plea. The facts in the two records make, therefore, different cases. A decision by this court, upon one state of facts, is not binding upon another trial of the same case when a new issue has been introduced in the pleadings and when the facts in evidence are essentially different. See *Central R. Co.* v. *Smith,* 80 *Ga.* 526 ; *Clarke* v. *Havard,* 115 *Ga.* 883 ; *Collins* v. *Carr,* ante, 39.

4. The question next arises as to whether the surviving partners are liable as individuals. In the present case there were three of them, but they had turned over to Arnold, one of their number, the

winding up of the affairs of the partnership. Each had a right to do whatever was necessary or proper for the purpose of winding up the partnership affairs, but two of them could delegate this authority to the third. *Cody* v. *Bank*, 93 *Ga.* 127. Arnold thus represented in this matter the other surviving partners, but his powers and authority in this regard were as strictly limited as his powers and authority as a surviving partner. Without their acquiescence he could not bind them by any act which was beyond the authority delegated, that is to say, to wind up the affairs of the concern by any acts which would have been proper for them to do as surviving partners. One of the three surviving partners of this concern had nothing whatever to do with this contract with plaintiff. He had left Arnold to wind up the affairs of the partnership, and did not know of the disposition of the goods or of the contract made with plaintiff. He could, therefore, not be held. As a member of the firm he is not bound, because the partnership is not liable; and as an individual he is not bound, because he did nothing personally and authorized Arnold as his agent to do nothing which, being beyond the authority of surviving partners, would bind him individually.

Relatively to Arnold the question is different. It appears that he wrote to Brown to call upon the plaintiff and try to close out to them these identical goods. Three days later Brown made the contract, specifying the same goods which were enumerated in Arnold's letter. Brown was, therefore, authorized as Arnold's agent to make this contract with plaintiff; and if Arnold desired to sell the goods to another, he should first have revoked the power given Brown. As he did not do this, he is in the same position as if he had first sold the goods as he did and had then personally contracted to sell them to the plaintiff. It was contended that he acted in good faith and sold the goods before Brown had made the contract; but we think he should have been more diligent. He had given Brown express authority to make this contract with plaintiff, and he should have foreseen that trouble might ensue if he sold the goods without first communicating with Brown. He nevertheless went forward with the sale of the goods; and now that an innocent party's rights have become involved, Arnold can not escape liability because he did no intentional wrong. It was his business to do right, and he should have seen to it that the wrong was

not done. We are, therefore, constrained to hold that the trial judge erred in refusing a new trial as to Arnold.

Brown's position is not so clear. While he was a surviving partner, he seems to have delegated his authority as such partner to Arnold and to have been sent out as Arnold's agent. If he acted as Arnold's agent and had authority to sell the goods, his principal, and not he, must be held liable if the contract is broken. If, however, the plaintiff knew nothing of this arrangement between Brown and Arnold, and Brown represented himself as a surviving partner and dealt with plaintiff in his capacity as a surviving partner, then Brown would be individually liable. As one of the surviving partners he had authority to bind the partnership by no new or future contract, and the plaintiff was affected with notice of this fact. But if he represented to plaintiff that the partnership had on hand certain goods and sold these goods to plaintiff, he would be liable though the partnership would not. As a surviving partner, selling the goods of the partnership, it was his business to keep informed as to what goods were on hand, and to sell no other. When he sold goods without knowing whether they were on hand or not, he did so at his peril. If in so doing he relied upon a letter from a copartner, he may have a remedy over against him, but would not be himself relieved of liability to the person with whom he contracted. It therefore becomes material to ascertain the capacity in which Brown acted in making the contract with the plaintiff. Brown was not introduced as a witness, but witnesses for the plaintiff testified that Brown held himself out to the officers of the plaintiff as a partner, and that the plaintiff dealt with him as such. If this be true, we think that Brown should not be held free from individual liability, and that the plaintiff should have been granted a new trial as to him as well as to Arnold.

5. There are other assignments of error as to the admission of certain evidence. In each ground some of the evidence was clearly admissible. Where evidence is objected to as a whole and any part of it is admissible, this court will not reverse the trial judge for admitting it. *Southern Ry. Co.* v. *Gilmore,* 115 *Ga.* 890.

*Judgment reversed, with direction. All the Justices concurring, except Lewis, J., absent.*