FENN, by next friend, *v.* SEABOARD AIR-LINE RAILWAY.

1. A motion for a nonsuit was made upon the ground (among others) of a variance. An order granting the same was passed, but before it was entered an amendment was offered and allowed, without objection, which adjusted the petition to the proof. After the allowance of the amendment no motion of any character was made by either party, but subsequently the order granting the nonsuit was filed. *Held*, that it will be presumed that the subsequent filing of the order was under the direction of the judge, nothing to the contrary appearing; and that, when so considered, the order of nonsuit was a judgment that the plaintiff had failed to prove his case as laid in the petition as amended.

2. The evidence was of such a character as to authorize the jury to find that the plaintiff had substantially proved all of the material allegations in the petition as amended; and it was therefore error to grant a nonsuit.

Argued June 24, —Decided July 13, 1904.

Action for damages. Before Judge Roberts. Telfair superior court. October 21, 1903.

*D. C. McLennan* and *Hoke Smith & H. C. Peeples,* for plaintiff. *J. Randolph Anderson* and *Thomas Eason,* for defendant.

COBB, J. 1. The defendant made a motion for a nonsuit upon various grounds, one of them being that there was a fatal variance between the allegation and the proof as to the place where the alleged injury occurred. The court passed an order granting a nonsuit generally; but before this order was entered on the minutes the plaintiff offered and had allowed, without objection, an amendment which had the effect to exactly adjust the pleadings to the evidence so far as the place of the injury was concerned. At this point the court took a recess and the judge left the bench.

So far as the record discloses, no further motion was made by either party in reference to the case, but subsequently the order of nonsuit was filed, and it comes to this court duly certified as a component part of the record in the case. The right of the plaintiff to amend at any time before the order of nonsuit was entered on the minutes can not be seriously questioned. *Phillips* v. *Brigham*, 26 *Ga.* 617; *Sullivan* v. *Rome Railroad Co.*, 28 *Ga.* 29; *Freeman* v. *Brown*, 115 *Ga.* 23 (1). But the question is, what was the status of the case after the allowance of the amendment and the subsequent filing of the order of nonsuit previously granted? As the order of nonsuit was subsequently filed, and appears in the record duly certified as a part of the record in the case, the presumption will be that the order of nonsuit was filed under the direction of the judge, there being nothing in the record to indicate the contrary. Such being the case, the judge has granted a nonsuit with the amendment in, and the assignment of error which complains of the granting of the nonsuit brings under review the question whether the plaintiff has proved his case as laid in the petition as amended.

2. Under the view thus taken of the case it becomes unnecessary to determine whether the variance between the allegation and the proof which was cured by the amendment was really fatal. After a careful consideration of the evidence, and the petition as amended, we have reached the conclusion that the evidence substantially supports every material allegation of the petition, and that therefore it was erroneous to grant a nonsuit. The plaintiff was injured while attempting to adjust the drawheads on an automatic coupler, while the train was standing on a curve in the railroad yard. Plaintiff was a car-coupler, and was under the control of Joiner, the yardmaster. The petition alleged that plaintiff was " ordered " to make the coupling by Joiner. Joiner had made an unsuccessful attempt to adjust the drawheads, and one witness testified that he said to plaintiff, " Dudley, suppose you go in and make it if you can," or, " Dudley, suppose you try and see if you can make it." . It is contended that this was not proof of the allegation in the petition; that it was optional with plaintiff whether he would comply with the request; and that compliance was voluntary. We can not take this view of the matter. A request from an employer to an employee, though

couched in polite terms, is equivalent to a command, and is so understood by both parties. The language of Joiner above quoted amounted to an order which the plaintiff was bound to obey. But aside from this, the plaintiff testified, " I went in under the direction of Mr. Joiner." We see nothing in the case that would bring it within the rule which defeats the right of an employee to recover when he has the choice of two lines of conduct and knowingly takes the unsafe course. The evidence was of such a character as to have required the submission of the case to the jury.              *Judgment reversed. All the Justices concur.*