### 24862. VANDHITCH *v.* ALVERSON *et al.*

DECIDED DECEMBER 21, 1935.

*Winfield P. Jones, Carroll Payne Jones,* for plaintiff.

JENKINS, P. J. The petition, alleging that the plaintiff was engaged in the barber-shop business, was brought against certain individuals similarly engaged, the Master Barbers Association, and two other corporations. Recovery was sought of damages for the impairment of trade, "nominal and actual damages," and "vindictive damages," because of the alleged "conspiring and confederating together" of the defendants "to the end and for the purpose of putting plaintiff out of business and of forcing him to abandon his shop and discontinue plying his trade," through the alleged "activities, unfair and illegal means and methods," as set forth in the petition. It was alleged that these methods began three years prior to the filing of the petition, with cutting the prices of shaves and haircuts below those charged by the plaintiff, and giving premiums to customers in addition to tonsorial services; that the plaintiff then cut his own prices to meet these methods of competition; but that, "their schemes and plans to drive plaintiff out of business having *failed,* the defendants, conspiring and confederating together, resorted to *other plans and means* to further their conspiracy of driving plaintiff out of business" by methods then set forth. As to such methods it was alleged that the plaintiff was arrested and tried in the municipal court for failure to procure a barber's license for one of the barbers in his shop, and that the warrant was dismissed; but the petition contains no averment that this arrest or prosecution was malicious or without probable cause. It was further alleged that the defendants caused a suit for injunction to be filed against the plaintiff, to prevent him from operating his shop, and thus put him out of business; that a temporary restraining order was granted; that a rule was issued against him, "charging him with contempt of court," and that this rule and the bill were dismissed; but there was no averment of malice, want of probable cause, or any special damage done to the plaintiff. The basis of the injunction suit was not stated. It was also alleged that the defendants caused one of the corporate defendants to turn over to another corporate defendant, which was the original payee, the plaintiff's notes given for shop fixtures and equipment, and caused a refusal of tender of payment of one of the notes and the institution of a trover proceeding for the fixtures and equipment, for the purpose of putting the plaintiff out of business; but there was no statement as to the outcome of

this case or its effect on the plaintiff's business; and no charge that the suit was brought maliciously or without probable cause. Finally, it was alleged that news items were published as to the plaintiff's violation of and unfair practices under the alleged "barbers' code" adopted by the national recovery administration, with additional averment that this "code" never became effective, as quoted in paragraph 3 of the opinion, infra. The court dismissed the petition on the general demurrer.

1. A conspiracy upon which a civil action for damages may be founded is a combination between two or more persons either to do some act which is a tort, or else to do some lawful act by methods which constitute a tort. Where it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action. The gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage. *Martha Mills* v. *Moseley,* 50 *Ga. App.* 536, 538 (2) (179 S. E. 159). Thus, where the act of conspiring is itself legal, the means or method of its accomplishment must be illegal and tortious. See *Clein* v. *Atlanta,* 164 *Ga.* 529, 534 (139 S. E. 46, 53 A. L. R. 933) ; *Woodruff* v. *Hughes,* 2 *Ga. App.* 361, 364 (58 S. E. 551). While some authorities appear to have extended the nature of the means employed so as to include not only methods which are illegal and tortious, but such as are merely immoral or oppressive (see cases cited in *Brown & Allen* v. *Jacobs Pharmacy Co.,* 115 *Ga.* 429, 433-452, 41 S. E. 553, 57 L. R. A. 547, 90 Am. St. R. 126; *Turner* v. *Security Plumbing Co.,* 165 *Ga.* 479, 483, 484, 141 S. E. 291; *Burrus Motor Co.* v. *Patterson-Pope Motor Co.,* 50 *Ga. App.* 801, 810, 179 S. E. 171) ; those cases and others upon which the supposed rule rests, on examination and analysis, show that the immoral or oppressive methods constituted actionable fraud or deceit, or illegal agreements in general restraint of trade (Code of 1933, § 20-504), or agreements in contravention of the common law to stifle competition, or constituted a violation of some recognized rule of public policy, with the result that in all cases the means employed amounted to a tort.

2. The essential elements of a cause of action for malicious prosecution of a criminal case and for malicious use of process in a civil suit are the same. *Woodley* v. *Coker,* 119 *Ga.* 226, 228 (46 S. E. 89) ; *Mullins* v. *Matthews,* 122 *Ga.* 286, 289 (50 S. E.

101). In either case, to support such an action, malice, want of probable cause, and determination of the proceedings in favor of the party suing must be alleged and proved. *Porter* v. *Johnson*, 96 *Ga.* 145, 148 (23 S. E. 123); *Georgia Loan & Trust Co.* v. *Johnston*, 116 *Ga.* 628, 630 (43 S. E. 27), and cit.; *Seamans* v. *Hoge*, 105 *Ga.* 159 (31 S. E. 156); *Haverty Furniture Co.* v. *Thompson*, 46 *Ga. App.* 739, 740-742 (169 S. E. 213); Code, §§ 105-801, 105-1001.

3. A charge that a person has violated a trade "code," where it appears that no such "code" was in existence, is not an actionable libel or slander. Therefore an averment that "the defendants falsely and fraudulently caused news items to be published in the papers that plaintiff had violated the barbers' code adopted by the national recovery administration, and had been guilty of unfair practices under said code," failed to show any actionable libel, where it was further alleged that the Federal government refused to accept the proposed "code," and returned the plaintiff's "acceptance of said code, with the advice that it was of no effect."

4. Under the foregoing rulings, the petition for damages on account of the alleged conspiracy by the defendants failed to state a cause of action, and the court did not err in dismissing it on general demurrer.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*