### 37938. RITZERT *v.* BULLOCH COUNTY.

CARLISLE, Judge. This is the second appearance of this case before this court. See *Bulloch County* v. *Ritzert*, 99 *Ga. App.* 655 (109 S. E. 2d 618) where the nature of the case will sufficiently appear.

1. After the rehearing had been denied by this court on June 4, 1959, and before the remittitur was transmitted to the trial court, the plaintiff filed an amendment on June 8, 1959, seeking to remedy the defects in his petition as pointed out by the opinion of this court. The defendant filed a motion to strike that amendment, the substance of the grounds thereof being that the trial court had no jurisdiction to allow and order the same filed until the remittitur had reached the trial court. This contention is without merit. Where the trial court overrules a general demurrer to a petition and that judgment is

appealed directly to an appellate court, the case is still pending in the trial court and that court has the power before the remittitur is transmitted by the clerk of the appellate court to the trial court to allow an amendment to the petition. The trial court does not lose its jurisdiction of the cause pending a review of its judgment overruling the demurrers to the petition. The case remains a pending one in the trial court subject to amendment until the remittitur from the appellate court reversing the judgment of the trial court is made the judgment of that court. *Ware* v. *Martin,* 208 *Ga.* 330, 331 (3) (66 S. E. 2d 737). Accordingly, the trial judge erred in sustaining the motion to strike the plaintiff's amendment.

2. When this case was before this court the first time, it was held that the petition was defective in that it failed to allege that the preliminary studies, specifications and general working drawings which the plaintiff architect had prepared and turned over to the board were necessary and desirable to be transmitted in order to secure the allocation of funds, or that it failed to allege, if such plans and specifications were not in fact necessary and desirable, that the contract entered into by the chairman was subsequently ratified by the board by the act of having the same placed upon its minutes, and that for these reasons alone the petition was subject to general demurrer. In the amendment filed in the trial court after the case was decided in this court, the plaintiff alleged that preliminary studies, specifications and general working drawings of the proposed addition to the Bulloch County Health Center were necessary and essential documents to be submitted to the Division of Hospital Services, Georgia Department of Public Health, in order to secure the approval of that body for the application of funds to the project; that said plans, specifications, general working drawings and preliminary studies were prepared by the plaintiff according to the terms of his contract, and were submitted by the county along with the application for said funds and that said plans and specifications prepared by him were approved by the Georgia Department of Public Health and that subsequently sealed bids were opened and publicly read aloud in the office of the Board of Commissioners of Roads and Revenues with all members of the board being present, and that the defendant board of commissioners knew that its chairman had executed

the contract with the plaintiff and met with the plaintiff on several occasions during the time he was performing his contract. In view of the ruling of this court on the former appearance of the case here, the plaintiff having added these allegations, the petition as amended was not subject to general demurrer.

3. The allegations of the amendment were demurred to specially on the ground that they failed to state what the preliminary studies consisted of, what the specifications and general working drawings consisted of, and failed to describe the essential documents to be submitted; and, on the ground that the allegations with respect to the approval of the plans and specifications by the Georgia Department of Public Health and with respect to the opening of the bids and the public reading thereof were surplusage and illustrated no issue in the case; and, on the ground that the allegations with respect to the plaintiff's having met with the board of commissioners were too general and indefinite to properly put the defendant on notice of what it was to defend, and that it failed to allege that the minutes of the defendant board showed a record of such meetings. The trial court sustained these demurrers and this judgment is assigned as error. These demurrers were improperly sustained. The nature of the preliminary studies, specifications and general working drawings was sufficiently set out in the copy of the contract attached to the original petition. The plaintiff was not required to allege his evidence in detail. This was true with respect to the allegations as to the essential documents to be submitted with the application and approval of the project. Factitious demands by special demurrer are not favored. *City of Dalton* v. *Cochran*, 80 *Ga. App.* 252 (55 S. E. 2d 907). This is especially so where it appears from the allegations of the petition that the facts sought to be elicited are already in the possession of the demurring party. *Cline* v. *Nelson*, 46 *Ga. App.* 600, 605 (168 S. E. 70); *Fite* v. *McEntyre*, 77 *Ga. App.* 585, 594 (49 S. E. 2d 159). The allegations with respect to the approval of the plans and opening of bids were appropriate as a circumstance tending to show performance by the plaintiff of his part of the contract, insofar as they did show performance, and for this purpose they were not surplusage. The other allegations of the amendment were not subject to the other grounds of

special demurrer filed against them, and the trial court erred in sustaining the special demurrers to the petition as amended. *Judgment reversed.  Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 13, 1959.

*A. S. Dodd, Jr., Faye Sanders, Cohen Anderson,* for plaintiff in error.

*Neville & Neville,* contra.