### 21217. SAMMONS v. TINGLE.

ARGUED APRIL 10, 1961—DECIDED MAY 9, 1961.

*Rollin A. Stanley, Al Hatcher,* for plaintiff in error.

*Jones & Douglas, Paul J. Jones, Jr.,* contra.

ALMAND, Justice. When this case was here before, this court held that the trial court erred in overruling the defendant's general and special demurrers. See *Sammons v. Tingle,* 216 Ga. 509 (117 S. E. 2d 531), for a full statement of facts. A rehearing was denied on December 5, 1960, and on December 8, 1960, before the remittitur from this court was received by the trial court and made the judgment of that court on December 9, 1960, the plaintiff amended her petition, subject to demurrer. On January 4, 1961, the defendant, now plaintiff in error, demurred to the allowance of the amendment and filed a plea of res judicata. On January 10, 1961, the plaintiff filed an additional amendment, which was allowed subject to demurrer. After hearing arguments on January 16, 1961, the trial court overruled the demurrer and the plea of res judicata. It is on this order that the plaintiff in error assigns error.

The record failing to show a demurrer to the petition, as finally amended, the only question before this court is whether

or not the trial judge erred in overruling the demurrer of January 4, 1961, to the allowance of the amendment of December 8, 1961, and in overruling the defendant's plea of res judicata. *Cain v. Phillips*, 211 Ga. 806 (89 S. E. 2d 163).

■ Where the trial court enters an order overruling a general demurrer to an equitable petition, and such judgment is reversed by this court because of defects in the petition, the plaintiff may file an amendment to meet such defects before the petition becomes finally dismissed by an order making the judgment of this court the judgment of the trial court. *Ware v. Martin*, 208 Ga. 330 (2) (66 S. E. 2d 737). The plaintiff in such a situation has a right to tender an amendment, and the trial court has the power, even before the remittitur is transmitted by the clerk of this court to the clerk of the trial court, to allow such amendment. *Jackson v. Security Ins. Co.*, 177 Ga. 631 (170 S. E. 787); *Ware v. Martin*, 208 Ga. 330 (3), supra.

■ An objection to such an amendment on the ground "that none of the allegations contained in said amendment, taken as a whole, are germane to the issues set out in the original petition . . . ," did not raise any question as to the propriety of such amendment in matter of substance, itself being too vague, indefinite, and uncertain. *Jacobs v. Rittenbaum*, 193 Ga. 838 (2) (20 S. E. 2d 425); *Askew v. Thompson*, 129 Ga. 325 (3) (58 S. E. 854).

■ Since we have ruled above that the trial judge did not err in allowing the amendment of December 8, 1961, the case was no longer in the same situation as that on which we ruled before. From the present record it appears that, after the decision, the plea was amended so as to allege that the defendant, Irene Tingle Sammons took a security deed from the defendant, George A. Tingle, to five acres of land, which George Tingle had previously conveyed by warranty deed to the petitioner, and of which Irene Sammons had notice. All allegations dealing with the fraud upon the United States Government as set out in the original petition have been stricken. See *Sammons v. Tingle*, 216 Ga. 509, supra. The facts in the two records make, therefore, different cases, and a decision by this court, upon one state of

816

facts is not binding upon another. Therefore, the trial court did not err in disallowing the plea of res judicata. *Bass Dry Goods Co. v. Granite City Mfg. Co.*, 116 Ga. 176 (3) (42 S. E. 415).

*Judgment affirmed. All the Justices concur.*