22001. WELSCH, Mayor, et al. v. WILSON.

CANDLER, Justice. 1. Where, as here, a judgment overruling general demurrers to an amended petition is directly excepted to under the provisions of *Code Ann.* § 6-701 and the reviewing court reverses that judgment, the plaintiff may at any time before the remittitur is made the judgment of the trial court amend his petition; and this he may do even before the remittitur is sent down and filed in the trial court. For unanimous cases so holding, see *Walker v. Cook*, 17 Ga. 126; *Jackson v. Security Ins. Co.*, 177 Ga. 631 (170 SE 787); *Ware v. Martin*, 208 Ga. 330 (3) (66 SE2d 737); and *Sammons v. Tingle*, 216 Ga. 814 (120 SE2d 124). Those rulings are based on the proposition that the cases were still pending in the trial court after the demurrers to the petitions were overruled. And *Kiser v. Kiser*, 214 Ga. 402 (105 SE2d 220), does not require a different ruling in this case. There a general demurrer to the petition was overruled, the case tried and a verdict and judgment was rendered, thus terminating it. The plaintiff excepted to the judgment overruling his general

demurrer and to a judgment refusing to grant a new trial. While the case was pending in this court, the plaintiff tendered an amendment to his petition which was allowed subject to objection and it was later stricken on the ground that it was presented when the trial court had no jurisdiction of the case, and this court in *Kiser v. Kiser,* 214 Ga. 849 (108 SE2d 265), affirmed the judgment striking the amendment. The *Kiser* case (214 Ga. 849) differs from the instant case in that a verdict and final judgment had been rendered in that case which terminated the trial court's jurisdiction thereof.

2. Wilson's petition as finally amended prayed for an injunction to prohibit the defendants City of Marietta and its treasurer from making further payments from city funds to the defendant Welsch and to prohibit Welsch from accepting further payments from such funds, under and pursuant to a resolution adopted by the City of Marietta on February 12, 1962, whereby it employed Welsch, as an individual, at an annual salary of $7,400 to perform, during the remaining period of his term as mayor of the City of Marietta, those services which are usually and ordinarily rendered by a city manager. The defendants assigned error on a judgment which overruled their general demurrers to the petition as thus amended. That ruling is not erroneous. The charter power which the mayor and council of the City of Marietta has to employ a city manager, to define his duties and to fix his compensation (Ga. L. 1959, pp. 2111, 2149), does not authorize self employment to that position; and when a statute confers appointing power and does not expressly authorize self appointment, the appointment of some one other than self is always contemplated. *Parrish v. Town of Adel,* 144 Ga. 242 (1) (86 SE 1095). Public policy forbids acceptance by Welsch of employment which it is his official business as Mayor of the City of Marietta to supervise and see that it is faithfully performed. *City of Macon v. Huff,* 60 Ga. 221. Welsch, as Mayor of the City of Marietta, is its chief executive officer and he cannot, while holding that office, be employed by the City of Marietta as an individual to perform those services for it which are usually rendered by a city manager. *Twiggs v. Wingfield,* 147 Ga. 790 (95 SE 711, LRA 1918E 757). To every valid contract of employment there must be at least two parties—the employer and the employee. For other cases

dealing with the question involved in this case, see *Vason v. City of Augusta*, 38 Ga. 542 (1) ; and *Hawkins v. Intendant &c. of Jonesboro*, 63 Ga. 527 (2). The principle proclaimed in the cases cited above was recognized by the common law, and legislative acts to the same effect are merely declaratory of the common law. *Dorsett v. Garrard*, 85 Ga. 734, 738-9 (11 SE 768) and *Hardy v. Mayor &c. of City of Gainesville*, 121 Ga. 327 (48 SE 921). This ruling controls the special demurrers. For prior appearances of this litigation in this court, see *Welsch v. Wilson*, 217 Ga. 582 (124 SE2d 77) ; s.c. 218 Ga. 456 (128 SE2d 315).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 8, 1963—DECIDED MAY 9, 1963.

*Vernon W. Duncan, Frank D. Schaffer*, for plaintiffs in error. *Grubbs & Prosser*, contra.